PER CURIAM.
Horace Jolly petitions this court for a writ of habeas corpus. He claims that his 1974 conviction and life sentence for first degree murder were brought about by the state’s “knowing use of perjured testimony,” of which Jolly heretofore was unaware.
The petition is fatally defective in at least two respects. First, Jolly does not *8 specify the content of this allegedly perjurious testimony, let alone demonstrate its likely effect upon the outcome of his case. Second, had Jolly in fact discovered new evidence of material significance, this claim should have been presented to the trial court using the procedures outlined in Florida Rule of Criminal Procedure 3.850. See Richardson v. State, 546 So.2d 1037 (Fla.1989). Habeas corpus is not an appropriate substitute. State v. Broom, 523 So.2d 639 (Fla. 2d DCA 1988).
Petition denied.
SCHEB, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.