774 So.2d 841 (2000)
Elress WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-92.
District Court of Appeal of Florida, Fourth District.
December 27, 2000.
*842 Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Fort Lauderdale, for appellee.
POLEN, J.
Elress Williams timely appeals after a jury convicted him of trafficking in cocaine and possession of drug paraphernalia. He argues, among other points, that the trial court's jury instructions were misleading. We agree and thus, reverse.
Williams was charged via information with trafficking in cocaine and possession of drug paraphernalia. He was tried jointly with co-defendant Torrance Adderly. Each defendant, however, had his own jury. At trial, the following evidence was adduced:
The police conducted a sting operation in connection with the delivery of marijuana to a Lauderhill apartment. Detectives positioned themselves at either end of the fourth floor hallway following the delivery to observe anyone exiting apartment number 403, which was catty corner across the hall from number 406. A few minutes after the drugs were delivered, a female exited number 403 carrying a large duffle bag containing marijuana. Upon being detained, she explained to the detectives that three to four black males would be coming out of number 403 to follow her downstairs.
While she gave the detectives information, Williams and Adderly appeared in the hallway. When Adderly saw the detectives, who each wore a black bullet proof vest marked police, he discarded a clear plastic packet containing a rocky substance, which was later confirmed to be cocaine. Because the detectives thought the packet contained cocaine, they ordered Williams and Adderly to the ground. Adderly and Williams were then searched, handcuffed, and given Miranda[1] warnings. No drugs were found on Williams.
Williams and Adderly were then taken in handcuffs by one detective to the hallway laundry room while another detective stood by number 403 in anticipation of more individuals exiting that apartment. In the laundry room, more cocaine was found on Adderly, but he told the detective that Williams had nothing to do with the cocaine. Adderly and Williams also explained that they came out of number 406, not number 403.
After other individuals exited number 403 and were detained, they, along with Williams and Adderly, were brought back into number 403 for further questioning. The individuals who left number 403 told the detectives that Williams had nothing to with that apartment. Adderly, however, explained that he used Williams' apartment, number 406, to cook up cocaine rocks and that there was more cocaine inside. Williams denied possessing or owning any type of crack cocaine, admitted that he knew Adderly had cocaine on him, and explained that number 406 was not leased to him, but to his girlfriend.
The police subsequently obtained a search warrant for number 406, and upon its execution, recovered several documents, both in Williams' name individually and in his girlfriend's name. It also recovered a shoe box containing cocaine, razor blades, an electronic gram scale, a shoe *843 containing $1,800, a second shoe containing a baggy with cocaine, boxes of baggies, a pyrex bowl with cocaine residue, and baggies containing cocaine. The amount of cocaine found in number 406 exceeded 400 grams.
Although Williams and Adderly were tried by separate juries, the charge of the court was given to both juries jointly. The following instructions were given:
This is the law as to trafficking, so obviously it pertains to both A and B.[2] ... Before you can find either Defendant guilty of trafficking in cocaine, the State must prove the following four elements beyond a reasonable doubt: One, that Torrance Adderly knowingly or Elress Williams knowingly possessed a certain substance; ... four, Torrance Adderly or Elress Williams knew the substance was cocaine or a mixture containing cocaine....
Before you can find the Defendant guilty of use or possession of drug paraphernalia, the State must prove the following two elements beyond a reasonable doubt: one, that Torrance Adderly or Elress Williams used or had in their possession with the intent to use drug paraphernalia....
A separate crime is charged in the each count of the information, And while they have been tried together each crime and the evidence applicable to it must be considered separately and a separate verdict returned as to each. A finding of guilty or not guilty as to one crime must not affect your verdict as to the other crimes charged.
At the conclusion of trial, Williams' jury found him guilty as charged. This timely appeal followed.
Williams argues that the trial court's instructions constituted fundamental error. We agree. The failure to give a complete or accurate instruction in a criminal case constitutes fundamental error if it relates to an element of the charged offense. Dowling v. State, 723 So.2d 307, 308 (Fla. 4th DCA 1998). Under the facts of this case, Williams could not be convicted of his charged offenses, trafficking in cocaine and possession of drug paraphernalia, unless the state proved that he possessed the cocaine and the drug paraphernalia. §§ 893.135(1)(b)1., 893.147(1), Fla. Stat. (1997). The trial court, however, instructed Williams' jury that it could find him guilty of both crimes if either he or Adderly had possession. Because Williams' jury may have been misled into thinking that it could convict him based solely on Adderly's conduct, we hold that the instructions were fundamental error. See Viveros v. State, 699 So.2d 822, 825 (Fla. 4th DCA 1997).
In this respect, we hold that the trial court failed to comply with the Florida Standard Jury Instruction pertaining to multiple counts and multiple defendants, which provides,
A separate crime is charged against each defendant in each [count of the information][information][indictment]. The defendants have been tried together; however, the charges against each defendant and the evidence applicable to him must be considered separately. A finding of guilty or not as guilty as to [one][both][or][some] of the defendants must not affect your verdict as to any other defendant(s) or other crimes charged.
Fla. Std. Jury Instr. (Crim.) 29 (emphasis added). Contrary to that instruction, the trial court instructed the juries that the evidence applicable to each crime, and not to each defendant, must be considered separately. It also instructed the juries that a finding of guilty or not guilty as to one crime must not affect the verdict as to the other crime, instead of explaining that the jury's verdict as to one defendant must not affect its verdict as to the other defendant. Accordingly, we reverse. See Doyle v. *844 State, 483 So.2d 89, 90 (Fla. 4th DCA 1986).
We reverse based upon the improper jury instructions, but find no reversible error as to the other issues raised by Williams.
REVERSED.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Williams' jury was group "B" and Adderly's was group "A."