804 So.2d 400 (2001)
Antoinette DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1549.
District Court of Appeal of Florida, Fourth District.
October 3, 2001.
*401 Gary Kollin of Gary Kollin, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Zappi, Assistant *402 Attorney General, Fort Lauderdale, for appellee.
HAZOURI, J.
Appellant, Antoinette Davis, appeals from a final judgment convicting her of trafficking in cocaine and conspiracy to traffic in cocaine.[1] Appellant asserts that the trial court erred in giving inaccurate and misleading jury instructions concerning the elements of the charged offenses and the defense of entrapment.
Appellant and her husband, Lonnie Bynes, were each charged by information with trafficking in cocaine and conspiracy to traffic in cocaine. Appellant and Bynes were tried together and both raised the defense of entrapment. Only appellant testified at trial saying that she had been entrapped because of threats that were made to her and her husband by a confidential informant from whom they had borrowed money which they could not repay. In order to cancel this debt, the confidential informant demanded that they get involved in a "drug deal." She also testified that she had never before participated in a drug transaction. The state, in rebuttal, introduced evidence that Bynes had two previous convictions for possession, sale and distribution of cocaine.
At the conclusion of all the evidence and argument of counsel, the court instructed the jury inter alia of the elements of the crime of trafficking in cocaine and conspiracy to traffic in cocaine and the defense of entrapment.
As to the charge of trafficking in cocaine, the trial court instructed the jury as follows:
Before you can find the defendant guilty of trafficking in cocaine, the State must prove the following four elements beyond a reasonable doubt:
One, Lonnie Bynes and/or Antoinette Davis knowingly purchased, possessed a certain substance.
Two, the substance was cocaine or a mixture containing cocaine.
Three, the quantity of the substance involved was 28 grams or more.
And four, Lonnie Bynes and/or Antoinette Davis knew the substance was cocaine or a mixture containing cocaine.
(Emphasis added). As to the charge of conspiracy to traffic in cocaine, the trial court instructed the jury as follows:
Before you can find the defendant guilty of criminal conspiracy, the State must prove the following two elements beyond a reasonable doubt:
One, the intent of Lonnie Bynes and/or Antoinette Davis was that the offense of trafficking in cocaine or a mixture containing cocaine would be committed.
In order to carry out the intent Lonnie Bynes and/or Antoinette Davis agreed or conspired or combined or confederated with person [sic] alleged to cause the trafficking in cocaine or mixture containing cocaine in the amount of 400 grams or more, and less than 150 kilograms to be committed by either of them or one of them, or by some other person.
It is not necessary that the agreement or conspiracy or combination or confederation to commit the trafficking in cocaine or mixture containing cocaine in the amount of 400 grams or more, but less than 150 kilograms be pressed [sic] in any particular *403 words or that words pass between the conspirators.
It is not necessary that the defendant do any act in furtherance of the offense conspired.
(Emphasis added).
As to the defense of entrapment, the trial court instructed the jury as follows:
The defense of entrapment has been raised. Lonnie Bynes and/or Antoinette Davis was entrapped if:
One, that he or she or they were, for the purpose of obtaining evidence of the commission of a crime, induced or encouraged to engage in conduct constituting the crime of trafficking in cocaine or a mixture containing cocaine in an amount of 400 grams or more, but less than 150 kilograms and/or conspiracy to traffic in cocaine or a mixture containing cocaine in an amount of 400 grams or more, but less than 150 kilograms.
And two, that he, she or they engaged in such conduct as the direct result of such inducement or encouragement.
And three, the person who induced or encouraged him, her or them was a law enforcement officer or a person engaged in cooperating with or acting as an agent of a law enforcement officer.
And four, the person who induced or encouraged him, her or them employed methods of persuasion or inducement which created a substantial risk that the crime would be committed by a person other than one who was ready to commit it.
And five, Lonnie Bynes and/or Antoinette Davis was not a person who was ready to commit the crime.
It is not entrapment if Lonnie Bynes and/or Antoinette Davis had the predisposition to commit the trafficking in cocaine or a mixture containing cocaine in an amount of 400 grams or more, but less than 150 kilograms and/or conspiracy to traffic in cocaine of [sic] a mixture containing cocaine in an amount of 400 grams or more, but less than 150 kilograms. Lonnie Bynes and/or Antoinette Davis had the predisposition if before any law enforcement officer or person acting for the officer persuaded, induced, or lured Lonnie Bynes and/or Antoinette Davis, he, she or they had a readiness or willingness to commit trafficking in cocaine or a mixture containing cocaine in an amount of 400 grams or more, but less than 150 kilograms and/or conspiracy to traffic in cocaine or a mixture containing cocaine in an amount of 400 grams or more, but less than 150 kilograms if the opportunity presented itself.
(Emphasis added).
Appellant asserts that the jury instructions as to the charged offenses and the defense of entrapment were inaccurate, confusing and misleading because the trial court's repeated use of the conjunctions and/or could have misled the jury into concluding it could convict appellant solely on Bynes' conduct on the offenses as charged and could have misled the jury into concluding that appellant was not entrapped if the jury concluded that only Bynes had a predisposition to commit the charged offenses.
In order for appellant to be convicted of her charged offenses, the state must prove beyond a reasonable doubt that appellant knowingly purchased and /or possessed a certain substance, knew the substance was cocaine or a mixture containing cocaine and conspired with the person trafficking in cocaine. § 893.135(1), Fla. Stat. (1997). The trial court, however, instructed the jury that it could find appellant guilty of both crimes if she or Bynes knowingly possessed twenty eight grams or more of a substance that she or Bynes knew was *404 cocaine or a mixture containing cocaine. Therefore, appellant argues the jury could have been misled into convicting appellant based solely on Bynes' conduct.
On the defense of entrapment, one of the critical elements to the defense is that appellant not have a predisposition to commit the crime charged. Munoz v. State, 629 So.2d 90, 99 (Fla.1993). If appellant was induced into commission of the crime by a law enforcement officer or a person engaged in cooperating with or acting as an agent of a law enforcement officer, then appellant has the burden to establish a lack of predisposition. If the state then proves beyond a reasonable doubt that appellant had a predisposition to commit the crime, the defense of entrapment fails. Id. There are several ways for the state to prove predisposition. One way is to present evidence of a prior criminal history. Id. In that regard, the state presented evidence that Bynes had two prior convictions for possession, sale and distribution of cocaine. No such similar evidence was introduced against appellant. Again, appellant argues that the jury could have been misled into concluding that Bynes' prior criminal record was sufficient evidence of predisposition to negate appellant's defense of entrapment. Since the jury instruction stated that it was not entrapment if Lonnie Bynes and/or Antoinette Davis had a predisposition to commit trafficking in cocaine, Bynes' predisposition could have deprived the appellant of her defense of entrapment.
The state argues that even if the jury instructions were inaccurate and misleading, appellant agreed to these instructions and voiced no objection to the instructions as published to the jury in open court. Accordingly, the state asserts this issue was not preserved for review and, absent fundamental error, the complained of error cannot be considered on appeal. The state's position is a correct statement of the law of preservation of error for review but ignores that it is fundamental error to fail to give a complete or accurate instruction in a criminal case if it relates to an element of the charged offense. See Dowling v. State, 723 So.2d 307, 308 (Fla. 4th DCA 1998); Jones v. State, 666 So.2d 995, 998 (Fla. 5th DCA 1996). It is also fundamental error to give an inaccurate and misleading instruction where the effect of that instruction is to negate a defendant's only defense. See Sigler v. State, 590 So.2d 18, 20 (Fla. 4th DCA 1991); Carter v. State, 469 So.2d 194, 196 (Fla. 2nd DCA 1985).
We agree that the jury instructions on the charged offenses are inaccurate and misleading and that the error is fundamental and thus reviewable. See Williams v. State, 774 So.2d 841 (Fla. 4th DCA 2000). In Williams, the defendant and the codefendant, Adderly, were charged with trafficking in cocaine. They were tried together but with separate juries. The trial court read the following instruction, without objection, which our court determined was fundamental error:
Before you can find either Defendant guilty of trafficking in cocaine, the State must prove the following four elements beyond a reasonable doubt:
One, that Torrance Adderly knowingly or Elress Williams knowingly possessed a certain substance; ... four, Torrance Adderly or Elress Williams knew the substance was cocaine or a mixture containing cocaine....
Before you can find the Defendant guilty of use or possession of drug paraphernalia, the State must prove the following two elements beyond a reasonable doubt: one, that Torrance Adderly or Elress Williams used or had in their possession with the intent to use drug paraphernalia....

*405 A separate crime is charged in the [sic] each count of the information, and while they have been tried together each crime and the evidence applicable to it must be considered separately and a separate verdict returned as to each. A finding of guilty or not guilty as to one crime must not affect your verdict as to the other crimes charged.
Id. at 843 (emphasis added). This court stated, "[b]ecause Williams' jury may have been misled into thinking that it could convict him based solely on Adderly's conduct, we hold that the instructions were fundamental error." Id.
Such fundamental error, however, is subject to a harmless error analysis. See Anderson v. State, 780 So.2d 1012, 1014 (Fla. 4th DCA 2001). By asserting the defense of entrapment, appellant admits to the commission of the crimes charged but seeks to avoid conviction by claiming she was entrapped. See Herrera v. State, 594 So.2d 275, 277 (Fla.1992). Therefore, although the jury could be misled by the jury instruction and find that appellant was guilty of the elements of the crimes charged based solely on the conduct of Bynes, since appellant admits to the elements of the crimes by raising the defense of entrapment, the error is harmless.
The same cannot be said of the claimed error as to the instruction on the defense of entrapment. Appellant's sole defense was entrapment. If the jury believed that appellant had been induced by law enforcement or its agent (the confidential informant) into the commission of the crimes charged, the jury could nonetheless be misled into convicting appellant if it concluded that Bynes alone had a predisposition to commit the crimes. Certainly, the two prior convictions for possession, sale and distribution of cocaine would be powerful evidence of predisposition. Therefore, we hold that it was harmful error for the trial court to give the inaccurate and misleading instruction on the defense of entrapment and reverse the convictions and remand for a new trial.
GUNTHER and KLEIN, JJ., concur.
NOTES
[1] The jury returned a verdict of guilty of trafficking in cocaine or a mixture containing cocaine in an amount of 400 grams or more but less than 150 kilograms. The jury also returned a verdict of guilty of conspiracy to traffic in cocaine or a mixture containing cocaine in amount of 400 grams or more but less than 150 kilograms.