857 So.2d 299 (2003)
Ariel CONCEPCION, Appellant,
v.
STATE of Florida, Appellee.
Danny Robert Cobb, Appellant,
v.
State of Florida, Appellee.
Guillermo Fonseca, Appellant,
v.
State of Florida, Appellee.
Nos. 5D02-1185, 5D02-1190, 5D02-1319.
District Court of Appeal of Florida, Fifth District.
October 3, 2003.
Terrence E. Kehoe of Law Offices of Terrence E. Kehoe, Orlando, for Appellant, Ariel Concepcion.
James M. Russ of the Law Offices of James M. Russ, P.A., Orlando, for Appellant, Danny Robert Cobb.
David D. Fussell of Law Offices of Horwitz & Fussell, P.A., Orlando, for Appellant, Guillermo Fonseca.
Charles J. Crist, Jr., Attorney General, Tallahassee and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
*300 PALMER, J.
Defendants Danny Cobb, Ariel Concepcion, and Guillermo Fonseca appeal their judgments and sentences which were entered by the trial court after a jury found the three men guilty of committing the crimes of trafficking in cocaine in an amount of 400 grams or more, and conspiracy to traffic in cocaine.[1] The charges arose out of an undercover sting operation which was executed by the police with the help of undercover agents, a confidential informant, and electronic wiretaps. Each defendant filed a separate appeal; however, a consolidated opinion is being issued for the three unconsolidated cases.
The defendants have raised numerous claims of error challenging both their judgments and their sentences. Upon review, we conclude that only one claim merits discussion, the claim that the defendants are entitled to receive a new trial because fundamental error was committed by the trial court while issuing its instructions to the jury. We agree that such error did occur during the course of the trial court's jury instruction; therefore, we reverse the defendants' judgments and sentences, and remand the cases to the trial court for a new trial.
The First District aptly summarized the analysis which appellate courts must apply when faced with claims of jury instruction error:
Jury instructions are subject to the contemporaneous objection rule, and absent such an objection at the trial, errors in instructions cannot be raised on appeal unless fundamental error occurred. State v. Delva, 575 So.2d 643, 644 (Fla. 1991); Castor v. State, 365 So.2d 701 (Fla.1978). A defendant has a fundamental right to have a court correctly and intelligently instruct the jury on the essential, material elements of the crime charged and required to be proven by competent evidence. Delva, 575 So.2d at 644; Gerds v. State, 64 So.2d 915 (Fla.1953). A defendant cannot be convicted of a crime that was not charged. Dixon, 823 So.2d at 794; O'Bryan v. State, 692 So.2d 290 (Fla. 1st DCA 1997). Fundamental error occurs when the court fails to instruct on an element of the crime that was disputed at trial. Reed, 837 So.2d at 369; Delva, 575 So.2d at 644-45; Simmons v. State, 780 So.2d 263, 266 (Fla. 4th DCA 2001).
Griffis v. State, 848 So.2d 422, 427 (Fla. 1st DCA 2003); see also King v. State, 800 So.2d 734 (Fla. 5th DCA 2001)(holding that when the trial court issues an incomplete or inaccurate jury instruction, fundamental error occurs if the error relates to an element of the crime that is a disputed issue in the case).
Here, the defendants were charged with committing the offense of trafficking in cocaine. The four elements of the offense which must be established beyond a reasonable doubt are as follows: a) that the defendant knowingly purchased or possessed a certain substance, b) the substance was cocaine, c) the quantity was 28 grams or more, and d) the defendant knew the substance was cocaine. § 893.135(1), Fla. Stat. (1999); Chicone v. State, 684 So.2d 736 (Fla.1996). The trial court orally instructed the jury on the charge properly as follows:
Before you can find the defendants guilty of trafficking in cocaine, the State has to prove the following four elements beyond a reasonable doubt. One is that Danny Cobb, Ariel Concepcion and Guillermo Fonseca knowingly purchased, delivered or possessed a certain substance. Two, the substance was cocaine or a *301 mixture containing cocaine. Three, the qualitythe quantity of the substance involved was 400 grams or more, but less than 150 grams. And four, that Danny Cobb, Ariel Concepcion and Guillermo Fonseca intended to purchase, deliver or possess marijuana, but actually purchased, delivered or possessed cocaine or a mixture containing cocaine.
(Emphasis added). However, the written instructions which were submitted by the court to the jury for review during deliberations erroneously used the conjunction "or" in place of the "and" in element four. While no objection was raised at trial, on appeal the defendants argue that the trial court's improper use of the conjunction "or" in the written instruction constituted fundamental error because, under the language used, the jury could have convicted each one of the defendants based solely upon the conclusion that any one of the three intended to purchase or possess contraband. They maintain that the instruction deprived them of their right to receive an individualized verdict, citing to Davis v. State, 804 So.2d 400 (Fla. 4th DCA 2001).
In Davis, the defendant claimed that reversible error stemmed from the court's instruction that the jury could find her guilty of trafficking in cocaine and conspiracy to traffic if the jury found that defendant "and/or" her co-defendant husband met each element. The court also used the "and/or" terminology in instructing on the defendant's defense of entrapment. Although no objection was made at trial to the use of the improper conjunction, the Fourth District found the erroneous instructions were fundamental error because the jury could have been misled into convicting the defendant based solely on her husband's conduct; but, it concluded that the error was harmless as to the elements of trafficking because, by interposing an entrapment defense, the defendant had admitted the elements of the crime. However, the error was reversible as to the entrapment instruction because the instruction "could have misled the jury into concluding that [the defendant] was not entrapped if the jury concluded that only [the husband] had a predisposition to commit the charged offenses." The court reversed and remanded the case to the trial court for a new trial. Id. at 405.
The defendants also rely on Williams v. State, 774 So.2d 841 (Fla. 4th DCA 2000), wherein two defendants were tried jointly on charges of trafficking in cocaine and possession of drug paraphernalia. When instructing the jury on the elements of the offenses, the court told the jury that it could find defendant guilty if he "or" the co-defendant knowingly possessed a certain substance, and if he "or" the co-defendant knew the substance was cocaine. The Fourth District held that the instruction constituted fundamental error:
The failure to give a complete or accurate instruction in a criminal case constitutes fundamental error if it relates to an element of the charged offense. Dowling v. State, 723 So.2d 307, 308 (Fla. 4th DCA 1998). Under the facts of this case, Williams could not be convicted of his charged offenses, trafficking in cocaine and possession of drug paraphernalia, unless the state proved that he possessed the cocaine and the drug paraphernalia. §§ 893.135(1)(b)1., 893.147(1), Fla. Stat. (1997). The trial court, however, instructed Williams' jury that it could find him guilty of both crimes if either he or Adderly had possession. Because Williams' jury may have been misled into thinking that it could convict him based solely on Adderly's conduct, we hold that the instructions were fundamental error. See Viveros v. State, 699 So.2d 822, 825 (Fla. 4th DCA 1997).
Id. at 843.
Applying the law as expressed in Davis and Williams to the facts presented here, *302 we conclude that the trial court's submission of an improper written instruction to the jury on the charge of trafficking constitutes fundamental error.[2] Furthermore, such error necessarily impacted the defendants' conspiracy convictions as well since the jury was required to consider the trafficking instruction in determining the issue of guilt on the conspiracy charge. As such, the convictions on both charges must be reversed. See Bernhardt v. State, 741 So.2d 1230 (Fla. 2d DCA 1999)(holding that allegation that jury received erroneous written instruction could form basis for post-conviction relief even though correct instruction was read to the jury).
Judgments and Sentences REVERSED; causes REMANDED.
SAWAYA, C.J., and COBB, W., Senior Judge, concur.
NOTES
[1] See §§ 893.135(1)(b)1.c., 893.13(6)(b), 893.147(1), Fla. Stat. (1999).
[2] The trial court apparently recognized that the submission of erroneous written instructions has a prejudicial effect upon the jury since the court noted on the record the importance of proper written instructions:

Nobody decides on what they've been told. Nobody pays attention to that jury instruction. They're really for the purposes of allowing the appellate courts to reverse, if they want to, but whatthe written instructions is what they're asking for.