901 So.2d 225 (2005)
Gregory Tyrone DORSETT, Petitioner,
v.
Charles McRAY, Director, Miami-Dade County Department of Corrections, Respondent.
No. 3D04-2096.
District Court of Appeal of Florida, Third District.
April 13, 2005.
Bennett H. Brummer and Anthony C. Musto, Special Assistant Public Defender, for petitioner.
Charles J. Crist, Jr., Attorney General, and Angel L. Fleming, Assistant Attorney General, for respondent.
Before SHEPHERD and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
Dorsett was charged, convicted and sentenced for acting as a "wheelman," and, therefore, a principal in an armed robbery *226 involving multiple victims at the place of his former employment.
After his convictions were, for the most part, affirmed in Dorsett v. State, 873 So.2d 424 (Fla. 3d DCA 2004), he brought the present original action seeking habeas corpus relief on the ground that his appellate counsel had rendered ineffective assistance by failing to assert on appeal that the trial court had fundamentally erred in giving a jury instruction defining the prerequisites to finding him guilty. Specifically, he complains of the trial court's repeated use of the conjunction "and/or" in stating that Dorsett could be convicted if he "and/or" his codefendant Lloyd (who was one of the accused gunmen) had committed the elements of the pertinent offenses.
The pertinent instructions on robbery and false imprisonment read as follows:
Before you can find defendants guilty of Robbery, the State must prove the following four elements beyond a reasonable doubt:
1. Douglas Lloyd and/or Gregory Dorsett took the money and property described in the charge from the person or custody of Barry Gerber, Eamon Toner, Allen Fried, Richard Koch, and Maurice Barbakow.
2. Force, violence, assault, or putting in fear was used in the course of the taking.
3. The property taken was of some value.
4. The taking was with the intent to permanently or temporarily deprive Barry Gerber, Eamon Toner, Allen Fried, Richard Koch and Maurice Barbakow of his right to the property or any benefit from it or appropriate the property of Barry Gerber, Eamon Toner, Allen Fried, Richard Koch, and Maurice Barbakow to his own or the use of any person not entitled to it.
Before you can find the defendants guilty of False Imprisonment, the State must prove two elements beyond a reasonable doubt:
1. Douglas Lloyd and/or Gregory Dorsett forcibly and/or by threat confined and/or restrained Barry Gerber, Eamon Toner, Allen Fried, Richard Koch, and Maurice Barbakow against his will.
2. Douglas Lloyd and/or Gregory Dorsett had no lawful authority.
We follow a series of recent decisions in holding that fundamental error indeed occurred when, through the use of the "and/or" conjunction,[1] the trial court confusingly and incorrectly implied that Dorsett could be convicted solely upon a finding that Lloyd's conduct satisfied the elements of the offenses. See Davis v. State, 895 So.2d 1195 (Fla. 2d DCA 2005); Cabrera v. State, 890 So.2d 506 (Fla. 2d DCA 2005); Concepcion v. State, 857 So.2d 299 (Fla. 5th DCA 2003); Davis v. State, 804 So.2d 400 (Fla. 4th DCA 2001); Williams v. State, 774 So.2d 841 (Fla. 4th DCA 2000); see also Gaskin v. State, 869 So.2d 646 (Fla. 3d DCA 2004); Bogdanon v. State, 763 So.2d 376 (Fla. 2d DCA 2000).
As we understand it, the state's only real response is based on an aspect of one of the first cases in this series, Williams, which noted that the error was exacerbated by the fact that (probably because the two defendants who were tried together each had a separate jury) the trial court did not utilize the codefendant aspect of the standard jury instruction on the general topic:

*227 A separate crime is charged against each defendant in each count of the information. The defendants have been tried together; however, the charges against each defendant and the evidence applicable to him must be considered separately. A finding of guilty or not guilty as to one or both of the defendants must not affect your verdict as to any other defendant or other crimes charged.
Fla. Std. Jury Instr. (Crim.) 3.12(c).
Because the entire instruction was, in fact, given in this case, the state argues that the "and/or" cases do not control. We do not agree. First, the Williams holding that the instruction containing the "or" conjunction was fundamental error did not, at all, depend upon the omission in question, which was referred to generally as a makeweight. Second, the confusion engendered by the "and/or" was, if anything, heightened rather than cured by the standard instruction. This is so because (a) even if the charges against each defendant were to be considered "separately," as the standard jury instruction stated, the primary instruction still provided that Dorsett might be criminally liable solely if Lloyd was liable; and (b) the reference to "any other defendant" is totally unrelated to this case in which no other defendant was on trial. Finally, the fact that the standard jury instruction does not remedy the fundamental defect is shown by the records in those subsequent cases we have been able to examine which reveal that, as here, the standard jury instruction was given. Davis, 895 So.2d at 1195; Cabrera, 890 So.2d at 506; Davis, 804 So.2d at 400.
On these grounds, we grant the relief sought, vacate the remaining convictions, and grant a new trial.
NOTES
[1] The term "and/or" has long been an object of deserved derision. See Cochrane v. Fla. East Coast Ry., 107 Fla. 431, 145 So. 217 (1932).