910 So.2d 394 (2005)
Raymundo ZENO, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D05-716.
District Court of Appeal of Florida, Second District.
September 21, 2005.
*395 James Marion Moorman, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Respondent.
VILLANTI, Judge.
Raymundo Zeno's direct appeal from convictions for RICO, conspiracy to commit RICO, trafficking in heroin, and conspiracy to traffic in heroin was per curiam affirmed by this court on August 18, 2004, in case number 2D03-2152. Zeno v. State, 888 So.2d 37 (Fla. 2d DCA 2004) (table decision). On September 30, 2004, this court denied Zeno's motion for rehearing, and mandate issued on October 27, 2004. Throughout his appeal, Zeno argued that the trial court committed fundamental error when it inserted the word "or" between his name and those of his codefendants in instructing the jury on essential elements of the crimes charged in counts one, three, and seven. Zeno also argued that the jury had to refer to the erroneous instruction in count one (RICO) to reach a verdict in count two (conspiracy to commit RICO). As a result, he argued, he could be convicted solely because the jury determined one or more of his codefendants had committed the elements of the crime(s). In support of his argument, Zeno cited Concepcion v. State, 857 So.2d 299 (Fla. 5th DCA 2003), Davis v. State, 804 So.2d 400 (Fla. 4th DCA 2001), and Williams v. State, 774 So.2d 841 (Fla. 4th DCA 2000).
After Zeno's appeal was finalized, this court considered the same issue Zeno raised in Cabrera v. State, 890 So.2d 506 (Fla. 2d DCA 2005),[1] and determined that *396 such jury instructions did constitute fundamental error, citing Concepcion, Davis, and Williams. Zeno was not tried with Cabrera, but both were alleged confederates of a drug enterprise that was the subject of intensive state and federal investigation. Additionally, Zeno was tried by the same trial judge who erroneously instructed Cabrera's jury; Zeno's jury instructions were substantially the same. Understandably confused that the same issue presented to this court could result in two very different outcomes, Zeno filed a "Motion to Withdraw Mandate, and Belated Motion for Rehearing and Rehearing En Banc, or in the Alternative, Petition for Writ of Habeas Corpus."
Zeno's motion was filed after our term of court ended on January 10, 2005, and we had no authority to withdraw the mandate or rehear the case after our term of court ended. See generally State Farm Mut. Auto. Ins. Co. v. Judges of Dist. Court of Appeal, Fifth Dist., 405 So.2d 980 (Fla.1981). On the other hand, the Fourth District has recognized that the writ of habeas corpus can be used to provide relief after the expiration of term of court in very limited circumstances. See Raulerson v. State, 724 So.2d 641 (Fla. 4th DCA 1999). This court treated Zeno's motion as a petition for writ of habeas corpus and ordered the State to show cause why the petition should not be granted to maintain uniformity of the decisions of this court. The State's response acknowledged the correctness of Zeno's historical assertions but denied he was entitled to relief.
Although Zeno was not tried with Cabrera, the two cases are both racketeering cases arising out of the same criminal enterprise, and they were tried by the same trial judge. The instructions in the two cases are identical for all practical purposes, and the same error was made in both sets of instructions. We conclude that we can exercise our inherent authority to extend the Fourth District's rule to include such a rare circumstance without violating the rule that the writ of habeas corpus is not generally available as a means to collaterally attack a conviction. See Jolly v. State, 571 So.2d 7 (Fla. 2d DCA 1990). Not to extend the rule would lead to incongruent, manifestly unfair results. Cf. Joseph v. State, 447 So.2d 243, 247 (Fla. 3d DCA 1983) (stating that Joseph's codefendant, whose appeal was finalized, could seek relief in the trial court under Florida Rule of Criminal Procedure 3.850 when allowing codefendant's conviction to stand when Joseph received a new trial would create a "fundamental defect[ ] which inherently result[s] in a miscarriage of justice").
Our review of the State's response and the original filings convinces us that Zeno should be provided the same relief as Cabrera for the fundamentally wrong jury instructions. We specifically reject the State's argument that the use of the standard "principals" instruction cured the erroneous instructions on the substantive elements of the offenses. Zeno is therefore entitled to a new trial on counts one, two, three, and seven (RICO, conspiracy to commit RICO, conspiracy to traffic in heroin, and trafficking in heroin, respectively). We therefore grant the petition for writ of habeas corpus and order that Zeno receive a new trial on counts one, two, three, and seven.
Petition granted.
*397 CASANUEVA[2] and SALCINES, JJ., Concur.
NOTES
[1] This court has reached the same conclusion in subsequent decisions involving the same or similar jury instructions. Davis v. State, 895 So.2d 1195 (Fla. 2d DCA 2005); Randolph v. State, 903 So.2d 264 (Fla. 2d DCA 2005); Rios v. State, 905 So.2d 931 (Fla. 2d DCA 2005) (Cabrera's codefendant).
[2] Judge Casanueva has been substituted for Judge Covington, who was on the original panel in case number 2D03-2152 that considered Zeno's direct appeal.