922 So.2d 431 (2006)
Ariel ZENO, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D05-4511.
District Court of Appeal of Florida, Second District.
March 10, 2006.
*432 Ariel Zeno, pro se.
Charles J. Crist, Jr., Attorney, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Respondent.
DAVIS, Judge.
Ariel Zeno, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), alleges that appellate counsel was ineffective in failing to argue that the trial court committed fundamental error when it inserted the conjunction "or" between his name and those of his codefendants in instructing the jury on essential elements of the crimes of which he was convicted. We agree that appellate counsel rendered ineffective assistance when he neglected to raise this issue. We therefore grant the petition and allow Ariel Zeno a belated appeal on this issue only.
Ariel Zeno was convicted, after jury trial, of one count of racketeering, one count of conspiracy to engage in racketeering, one count of conspiracy to traffic in heroin, and three counts of trafficking in heroin. The judgment and sentences were affirmed on direct appeal. See Zeno v. State, 875 So.2d 625 (Fla. 2d DCA 2004) (table decision).
Subsequent to our per curiam affirmed opinion in Zeno, this court in Cabrera v. State, 890 So.2d 506, 507-08 (Fla. 2d DCA 2005), held that fundamental error occurred where the jury instructions included the conjunction "and/or" between Cabrera's[1] name and the codefendant's name as to elements of the charged offenses that the State was required to prove beyond a reasonable doubt. The Cabrera court relied on Concepcion v. State, 857 So.2d 299 (Fla. 5th DCA 2003); Davis v. State, 804 So.2d 400 (Fla. 4th DCA 2001); and Williams v. State, 774 So.2d 841 (Fla. 4th DCA 2000). See 890 So.2d at 507-08. Ariel Zeno was tried with his brother Raymundo Zeno. The jury instructions which Ariel Zeno asserts constituted fundamental error in his case were the same instructions which we determined to be fundamental error in Zeno v. State, 910 So.2d 394 (Fla. 2d DCA 2005), wherein this court ordered that Raymundo Zeno receive a new trial. On direct appeal, Raymundo Zeno "argued that the trial court committed fundamental error when it inserted the word `or' between his name and those of his codefendants in instructing the jury on the essential elements of the crimes charged" in three *433 counts of the information. Id. at 395. Following the opinion in Cabrera, Raymundo Zeno filed a "Motion to Withdraw Mandate, and Belated Motion for Rehearing and Rehearing En Banc, or in the Alternative, Petition for Writ of Habeas Corpus." Id. at 396. We provided Raymundo Zeno with habeas relief in order to "maintain uniformity of the decisions of this court" and to avoid "incongruent, manifestly unfair results." Id.
In support of his argument on direct appeal, Raymundo Zeno cited Concepcion, Davis, and Williams, the cases relied upon by the Cabrera court. These cases were also available to Ariel Zeno's appellate counsel. Appellate counsel has a duty to raise an issue that is supported by case law from other district courts of appeal where this court has not yet ruled on the issue. See Kist v. State, 900 So.2d 571 (Fla. 2d DCA 2004) (holding that appellate counsel was ineffective for failing to raise the issue that Kist's convictions on certain offenses violated the prohibition against double jeopardy where this issue had been addressed by three other district courts at the time of the direct appeal and a subsequent decision of this court indicated that we may have found in Kist's favor had the issue been addressed).
We conclude, therefore, that appellate counsel in the present case was ineffective for not arguing that the jury instructions in question constituted fundamental error.[2] A determination as to whether these instructions constituted fundamental error requires a full review of the record on appeal. See, e.g., Ortiz v. State, 905 So.2d 1016 (Fla. 2d DCA 2005) (holding full review of appellate record necessary to determine whether error in self-defense instruction was fundamental). We, therefore, instruct the trial court to, within thirty days from the issuance of the mandate in this case, appoint an appellate attorney to file a brief limited to the issue outlined above. Appellate counsel shall, within thirty days of the appointment, file a new notice of appeal and reference this opinion in the notice of appeal.
Petition granted.
STRINGER and KELLY, JJ., Concur.
NOTES
[1] Although Ariel Zeno and Cabrera were not tried together, they were alleged confederates in a drug enterprise.
[2] The court in Davis held that the error in using the conjunction "or" between the defendants' names was harmless where Davis relied on an entrapment defense. 804 So.2d at 405.