937 So.2d 211 (2006)
Robert Lewis HARRIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1446.
District Court of Appeal of Florida, Third District.
September 1, 2006.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
*212 Charles J. Crist, Jr., Attorney General, and Maria T. Armas, Assistant Attorney General, for appellee.
Before GREEN, FLETCHER, and RAMIREZ, JJ.

ON MOTION FOR REHEARING DENIED
PER CURIAM.
The motion for rehearing is denied. We withdraw our June 21, 2006 opinion and substitute the following in its place. Robert Lewis Harris appeals his conviction, asserting that the trial court committed fundamental error when it included the conjunction "and/or" in the jury instruction between his name and that of a co-defendant. We reverse, finding that the use of the "and/or" conjunction in the instruction resulted in fundamental error based on the totality of the circumstances.
The State charged Harris and his co-defendant with second degree murder arising from a bar room brawl that ultimately led to the victim's death. The jury returned a guilty verdict of second degree murder as to Harris and the co-defendant.
The pertinent instruction on second degree murder read as follows:
To prove the crime of second degree murder, the State must prove the following three elements beyond a reasonable doubt:
1. [The victim] is dead.
2. The death was caused by the criminal act of [the co-defendant] and/or Robert Lewis Harris.
3. There was an unlawful killing of [the victim] by an act imminently dangerous to another and demonstrating a depraved mind without regard for human life.
The trial court further instructed the jury that it had to consider each defendant separately and the evidence applicable to each one separately. The parties did not object to the jury instructions as given.
Harris argues that a new trial is warranted because the use of "and/or" in the jury instruction may have misled the jury, since it could have based his conviction solely on the acts of his co-defendant. We agree.
Courts previously have considered this claimed error fundamental based on the totality of the circumstances. See Dorsett v. McRay, 901 So.2d 225 (Fla. 3d DCA 2005); Davis v. State, 895 So.2d 1195 (Fla. 2d DCA 2005); Cabrera v. State, 890 So.2d 506 (Fla. 2d DCA 2005); Concepcion v. State, 857 So.2d 299 (Fla. 5th DCA 2003); Williams v. State, 774 So.2d 841 (Fla. 4th DCA 2000). These cases uniformly hold that including the "and/or" conjunction between the names of defendants in the instruction results in fundamental error because it creates a situation in which the "jury may have convicted the [defendant] based solely upon a finding that [the] codefendant's conduct satisfied an element of the offenses." See, e.g., Davis, 895 So.2d at 1196. Based upon the instruction the trial judge gave in this case, the jury could have found Harris guilty of second degree murder if it found that the criminal act of his co-defendant caused the victim's death.
The State argues that any error was harmless because of the additional jury instruction that required the jury to consider each defendant separately and the evidence applicable to each one separately. We disagree with this position. The State in Zeno v. State, 910 So.2d 394 (Fla. 2d DCA 2005), argued that no fundamental error arose from the jury instruction because the trial court further instructed the jury to consider each defendant and the evidence applicable to each separately, and that the verdict as to *213 one defendant must not affect the verdict as to the other defendant. Despite the additional instruction, the court disagreed with the State and concluded that the insertion of the "and/or" conjunction resulted in fundamental error requiring a new trial. Id. at 396. Similarly, this Court held in Dorsett that "even if the charges against each defendant were to be considered `separately,' as the standard jury instruction stated, the primary instruction still provided that [the defendant] might be criminally liable solely if [his co-defendant] was liable...." Dorsett, 901 So.2d at 227. We thus find that the addition of a standard jury instruction with respect to the joint trial of Harris and the codefendant did not remedy the fundamental error resulting from the inclusion of the "and/or" conjunction in the specific jury instruction regarding the elements of second degree murder.
We thus conclude that the use of the "and/or" conjunction in the instruction to the jury resulted in fundamental error based on the totality of the circumstances. Therefore, we reverse Harris' conviction and remand for a new trial.
Reversed and remanded.