962 So.2d 416 (2007)
Jose C. SANTIAGO, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D07-651.
District Court of Appeal of Florida, Second District.
August 17, 2007.
Wade M. Whidden of Whidden Brown, P.L., Tampa, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Respondent.
CASANUEVA, Judge.
Jose Santiago, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), contends that appellate counsel was ineffective in failing to argue that the trial court fundamentally erred when it inserted the conjunction "or" between his name and those of his codefendants when instructing the jury on essential elements of the crimes of which he was convicted. The State concedes that Santiago is entitled to relief.
Santiago was convicted after jury trial of conspiracy to traffic in heroin and possession of heroin as a lesser-included offense of trafficking in illegal drugs. This court affirmed Santiago's judgment and sentences. Santiago v. State, 896 So.2d 759 (Fla. 2d DCA 2005). As the State acknowledges, this case is controlled by Zeno v. State, 922 So.2d 431, 433 (Fla. 2d DCA 2006), wherein this court held that appellate counsel was ineffective in not arguing that the use of the conjunction "or" between Zeno's name and Zeno's codefendants' names constituted fundamental error. Santiago was a codefendant of Zeno. In fact, in the preliminary statement in the initial brief in the direct appeal in Santiago, appellate counsel stated: "This brief has adopted the brief of Ariel Zeno's,[1] a codefendant at trial, due to a similarity of issues." As in Zeno, we conclude that *417 appellate counsel was ineffective for not arguing that the jury instructions in question constituted fundamental error.
"A determination as to whether these instructions constituted fundamental error requires a full review of the record on appeal." Id. at 433. We therefore instruct the trial court, within thirty days from the issuance of the mandate in this case, to appoint an appellate attorney to file a brief limited to the issue outlined above. Appellate counsel shall, within thirty days of the appointment, file a new notice of appeal and reference this opinion in the notice of appeal.
Petition granted.
ALTENBERND and SALCINES, JJ., Concur.
NOTES
[1] Raymundo Zeno, Ariel Zeno's brother, was a codefendant of Santiago and Ariel Zeno. This court ultimately granted Raymundo Zeno a new trial, holding that the trial court's use of the conjunction "or" between his name and those of his codefendants in instructing the jury on essential elements of the crimes charged constituted fundamental error. Zeno v. State, 910 So.2d 394, 396 (Fla. 2d DCA 2005). We note that the Fourth District has certified conflict with Zeno. Garzon v. State, 939 So.2d 278, 287 (Fla. 4th DCA 2006). The supreme court has accepted review of this conflict. 956 So.2d 455 (Fla.2007).