993 So.2d 1012 (2008)
James Russell BARNES, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D07-2520.
District Court of Appeal of Florida, Second District.
January 16, 2008.
James Russell Barnes, pro se.
Bill McCollum, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Respondent.
LaROSE, Judge.
A jury convicted James Barnes of attempted carjacking and giving a false name. We affirmed the judgment and sentence on direct appeal. Barnes v. State, 875 So.2d 599 (Fla. 2d DCA 2004) (table decision).
Mr. Barnes now contends that his appellate counsel was ineffective in failing to argue that the trial court fundamentally erred when it inserted the conjunction "or" *1013 between his name and that of his codefendant when reinstructing the jury[1] on the essential elements of attempted carjacking. See Fla. R.App. P. 9.141(c). We have held that such a failure constitutes ineffective assistance of appellate counsel. Santiago v. State, 962 So.2d 416, 416-17 (Fla. 2d DCA 2007); Zeno v. State, 922 So.2d 431, 432 (Fla. 2d DCA 2006). Accordingly, we grant the petition and allow Mr. Barnes a new appeal on this issue only.
In Cabrera v. State, 890 So.2d 506, 507-08 (Fla. 2d DCA 2005), we held that the trial court's use of "and/or" between Cabrera's name and that of his codefendant when instructing the jury on the elements of the offenses constituted fundamental error.[2] Although we decided Cabrera subsequent to our per curiam affirmance of Mr. Barnes' judgment and sentence, Cabrera relied on Davis v. State, 804 So.2d 400 (Fla. 4th DCA 2001), and Williams v. State, 774 So.2d 841 (Fla. 4th DCA 2000), both of which predated Mr. Barnes' notice of appeal. "Appellate counsel has a duty to raise an issue that is supported by case law from other district courts of appeal where this court has not yet ruled on the issue." Zeno, 922 So.2d at 433 (citing Kist v. State, 900 So.2d 571 (Fla. 2d DCA 2004)).
In Williams, the use of the conjunction "or" between Williams' name and that of his codefendant in instructing the jury on cocaine trafficking constituted fundamental error because it may have misled the jury into thinking that it could convict Williams based solely on his codefendant's conduct. 774 So.2d at 843. The Davis court ruled similarly regarding the use of the "and/or" conjunction when the trial court instructed the jury on entrapment.[3] 804 So.2d at 404-05.
A determination as to whether the instruction constituted fundamental error requires a full review of the record. See Zeno, 922 So.2d at 433. Therefore, we instruct the trial court, within thirty days from the issuance of the mandate in this case, to appoint an appellate attorney to file a brief limited to this issue. Appellate counsel shall, within thirty days from the issuance of the mandate, file a new notice of appeal, referencing this opinion.
DAVIS and KELLY, JJ., Concur.
NOTES
[1] Neither a transcript of the instructions nor the written instructions initially read to the jury is part of the record.
[2] The Fourth District certified conflict with Cabrera and Zeno v. State, 910 So.2d 394 (Fla. 2d DCA 2005), in Garzon v. State, 939 So.2d 278 (Fla. 4th DCA 2006). The supreme court has accepted review of this conflict. Garzon v. State, 956 So.2d 455 (Fla.2007) (table decision). Garzon held that the use of the "and/or" conjunction between the codefendants' names was not fundamental error where the principals instruction was given. Garzon, 939 So.2d at 283-87. The court recognized that in Zeno we rejected the State's argument that the principals instruction cured the erroneous instructions. Garzon, 939 So.2d at 287.
[3] Although the inclusion of the "and/or" conjunction between Davis' name and her codefendant's name was fundamental error, the error was harmless because Davis admitted to the crimes when she raised an entrapment defense. Davis, 804 So.2d at 405. Davis was decided before the supreme court held that fundamental error is, by nature, harmful and not subject to a harmless error analysis. See Reed v. State, 837 So.2d 366, 369-70 (Fla. 2002).