WARNER, J.
 

 The appellant was convicted and sentenced for trafficking in cocaine, possession of cocaine, and child abuse. He claims
 
 that the
 
 court erred in permitting two African-American jurors to be struck, that fundamental error occurred in closing argument, and that the court gave a fundamentally erroneous jury instruction. We conclude that neither the closing argument nor the jury instructions constituted fundamental error, and the state presented race-neutral reasons for striking the jurors. We affirm.
 

 As to the prosecutor’s arguments, the appellant failed to object to most of the claimed objectionable arguments. For those which were objected
 
 to by one of
 
 the co-defendants, the trial court gave curative instructions.
 
 See Herrera v. State,
 
 879 So.2d 38, 41 (Fla. 4th DCA 2004) (holding that curative instruction was sufficient to cure any prejudicial effect of officer’s statement). We cannot conclude that the court erred in denying motions for mistrial. Finally, any errors were harmless beyond a reasonable doubt. “Any error in prosecutorial comments is harmless if there is no reasonable probability that those comments affected the verdict.”
 
 Hitchcock v. State,
 
 755 So.2d 638, 643 (Fla.2000).
 

 The appellant’s challenge to the state’s use of peremptory challenges against African-American jurors was not properly preserved for appeal, because appellant failed to renew his objection prior to the jury being sworn.
 
 See Carratelli v. State,
 
 961 So.2d 312, 318 (Fla.2007) (“[T]he preservation of a challenge to a potential juror requires more than one objection. When a trial court denies or grants a peremptory challenge, the objecting party must renew and reserve the objection before the jury is sworn.”).
 

 Finally, the appellant claims that the jury instruction for child abuse, which instructed the jury on two of the charged crimes by including the conjunction “or” between appellant’s name and the name of the co-defendant, allowed the jury to convict appellant based solely on a determination that the co-defendant’s conduct satisfied the elements of the offenses. Jury instructions that involve co-defendants charged for the same crimes and which use the conjunction “and/or” to refer to both defendants in each charge can be misleading and thus amount to fundamental error.
 
 See Davis v. State,
 
 804 So.2d 400, 403-04 (Fla. 4th DCA 2001). In
 
 Davis,
 
 we held that the use of and/or in a jury instruction constituted fundamental error. We concluded that the jury could have been misled when the trial court “instructed the jury that it could find appellant guilty of both crimes if she or [her co-defendant] knowingly possessed twenty eight grams or more of a substance that she or [her co-defendant] knew was cocaine or a mixture containing cocaine.”
 
 Id.
 
 It constituted fundamental error because it permitted the defendant to be convicted without the jury’s finding that the defendant committed each element of the offense.
 

 
 *719
 

 Davis
 
 can be distinguished from this case because the trial court here made it abundantly clear to the jury that each defendant is to be viewed separately and must individually be found guilty of each element of the crime charged. In the court’s preliminary instructions to the jury, it emphasized the fact that each co-defendant must be treated separately:
 

 I want to emphasize, this is a case where we have three individual defendants that are being accused. Each and every one of them are to be treated separately and distinct. Each and every one of them and the charges against them shall be evaluated separately.
 

 Before any instructions were given at the close of the trial, the court informed the jury:
 

 COURT: Now, I prepared three separate and distinct jury instructions. It is the same theme throughout this trial. Even though we have three defendants and one trial, they are three separate and distinct trials. You have to consider each charge and each defendant separately.
 

 Now, I am going reach the instructions first as to Ms. Gonzalez. She is the (A) defendant. I will read it for her. To avoid repetition, I am not going to read the same instruction three times. I think the lawyers agree that is a waste of time. But you will each have these instructions with you to consider for each and every defendant and for each and every charge. So we understand that?
 

 JURY: Yes.
 

 Finally, after the individual instructions were given, the trial court repeated its earlier instruction:
 

 Now, let me repeat and emphasize: A separate crime is charged against each defendant in each count of the Information. And although the defendants have been tried together, the charges against each defendant and evidence applicable to him or her must be considered separately; and a finding of guilty or not guilty as to one, both, or some of the defendants must not affect your verdict as to any other defendants or any other crimes charged.
 

 Due to the extensive precautions by the trial court to ensure that the jury understood that it should determine each co-defendant’s guilt separately and only upon the evidence applicable to that co-defendant, we conclude that the jury instruction in this case did not constitute fundamental error.
 

 Affirmed.
 

 STEVENSON and DAMOORGIAN, JJ., concur.