EVANDER, J.
 

 Harrison has filed a petition alleging that his appellate counsel was ineffective in failing to raise as an issue on direct appeal the trial court’s ruling that evidence of a State witness’ probationary status as a juvenile offender was inadmissible for cross-examination and impeachment purposes. We grant the petition.
 

 After a jury trial, Harrison was convicted of 1) sale of cannabis within 1,000 feet of a school; and 2) possession of cannabis with intent to sell within 1,000 feet of a school. Those convictions were per curiam affirmed on appeal.
 
 See Harrison v. State,
 
 982 So.2d 701 (Fla. 5th DCA 2008).
 

 One of the State’s primary witnesses at trial was a juvenile, M.J. She testified to her alleged purchase of cannabis from Harrison. Prior to her testimony, the State successfully moved to prohibit defense counsel from attempting to impeach M.J. with evidence of a prior juvenile adjudication and the fact that she was still on juvenile probation. In granting the State’s motion
 
 in limine,
 
 the trial court relied on section 90.610(l)(b), Florida Statutes (2006), which provides that evidence of juvenile adjudications are inadmissible for purposes of attacking the credibility of a witness.
 
 [1]
 

 While the State has an interest in protecting the confidentiality of a juvenile offender’s record, the United States Supreme Court has held that this interest must give way to a defendant’s right to cross-examine on matters revealing possible biases, prejudices, or ulterior motives
 
 *1231
 
 as they may relate directly to issues or personalities in the case at hand.
 
 See Davis v. Alaska,
 
 415 U.S. 308, 316-17, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). As the Court explained:
 

 The State’s policy interest in protecting the confidentiality of a juvenile offender’s record cannot require yielding of so vital a constitutional right as the effective cross-examination for bias of an adverse witness. The State could have protected [the witness] from exposure of his juvenile adjudication in these circumstances by refraining from using him to make out its case; the State cannot, consistent with the right of confrontation, require the [defendant] to bear the full burden of vindicating the State’s interest in the secrecy of juvenile criminal records.
 

 Id.
 
 at 320, 94 S.Ct. 1105.
 

 Appellate counsel was ineffective in failing to raise this constitutional issue. We instruct the trial court, within thirty days of the mandate in this case, to appoint an appellate attorney to file a brief limited to this issue. After appointment, appellate counsel shall promptly file a new notice of appeal referencing this opinion.
 
 See generally Barnes v. State,
 
 993 So.2d 1012 (Fla. 2d DCA 2008).
 

 Petition GRANTED.
 

 ORFINGER and LAWSON, JJ., concur.
 

 [1]
 

 . § 90.610 Conviction of certain crimes as impeachment—
 

 (1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment, with the following exceptions:
 

 [[Image here]]
 

 (b) Evidence of juvenile adjudications are inadmissible under this subsection.