IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

October 14, 2016

TREVOR DOOLEY, )
)
Petitioner, )
)
v. ) Case No. 2D16-29
)
STATE OF FLORIDA, )
)
Respondent. )
_____ )

BY ORDER OF THE COURT:

Respondent's motion for rehearing filed May 6, 2016, in which the State has

withdrawn its concession of error, is denied.  This court on its own motion withdraws the

prior opinion dated April 22, 2016, and substitutes the attached opinion in its place.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| TREVOR DOOLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   2D16-29 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____) | | |

Opinion filed October 14, 2016.

Petition Alleging Ineffective Assistance
of Appellate Counsel.  Hillsborough
County; Ashley B. Moody, Judge.

William R. Ponall of Ponall Law,
Maitland, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa,
for Respondent.

PER CURIAM.

A jury convicted Trevor Dooley as charged of manslaughter with a

weapon, improper exhibition of a dangerous weapon or firearm, and open carrying of a

weapon, and this court affirmed his convictions on direct appeal.  See Dooley v. State,

151 So. 3d 1243 (Fla. 2d DCA 2014) (table decision).  Dooley now argues that his

appellate counsel was ineffective for failing to argue on direct appeal that the trial court's instructions to the jury on justifiable use of deadly force were fundamentally erroneous. See Fla. R. App. P. 9.141(d). The failure to argue on appeal that jury instructions were fundamentally erroneous constitutes ineffective assistance of appellate counsel. See Barnes v. State, 993 So. 2d 1012, 1013 (Fla. 2d DCA 2008). For the reasons that follow, we grant the petition and afford Dooley a new appeal on this issue.

At trial, Dooley testified that he intentionally shot the victim in justifiable self-defense. However, he asserts that the trial court gave essentially conflicting instructions on justifiable use of force based on sections 776.012 and 776.013(3), Florida Statutes (2010). These conflicting instructions arguably created confusion for the jury. And specifically, Dooley contends that the trial court erroneously instructed the jury on two separate occasions that his use of deadly force against the victim was not justified because he had a duty to retreat if he was engaged in unlawful activity at the time of the homicide. Moreover, the State argued to the jury that Dooley's use of deadly force was not justifiable, partially because he was committing the crime of unlawful exhibition of a weapon when he killed the victim.

According to Dooley, the State's reliance on the erroneous instructions during closing argument exacerbated the error to the extent that his sole defense at trial was negated. For this reason, Dooley contends that the error was fundamental, and had this issue had been brought to this court's attention on direct appeal, the result of his appeal would have been different.

This court cannot determine whether the allegedly erroneous instructions constituted fundamental error and deprived Dooley of a fair trial without reviewing the

complete record on appeal. This court has held, in the context of a petition alleging ineffective assistance of appellate counsel, that "[a] determination as to whether the justifiable use of deadly force instruction constituted fundamental error requires a full review of the record on appeal." Ortiz v. State, 905 So. 2d 1016, 1017 (Fla. 2d DCA 2005). See also Barnes, 993 So. 2d at 1013 (granting a new appeal to the petitioner because "[a] determination as to whether the instruction constituted fundamental error requires a full review of the record" (citing Zeno v. State, 922 So. 2d 431, 433 (Fla. 2d DCA 2006))). The appellate court must consider "the effect of the erroneous instruction in the context of the other instructions given, the evidence adduced in the case, and the arguments and trial strategies of counsel." Garrett v. State, 148 So. 3d 466, 469 (Fla. 1st DCA 2015), review dismissed, 192 So. 3d 470 (Fla. 2016) (quoting Smith v. State, 76 So. 3d 379, 383 (Fla. 1st DCA 2011)). Only from that vantage point can this court determine that the allegedly erroneous instructions rendered Dooley's trial fundamentally unfair.

Consequently, we grant Dooley's petition to the extent that we allow him a new appeal on this issue only. This opinion shall serve as a timely notice of appeal from the judgment and sentence in case number 10-CF-15138 imposed on January 17, 2013.

The circuit court clerk shall treat this opinion as a notice of appeal and shall promptly certify it and return it to this court as with any notice of appeal, and a new appellate case number will be assigned to this appeal and an acknowledgment letter will issue at that time. The clerk shall then prepare the record in accordance with Florida Rule of Appellate Procedure 9.200.

Within twenty days, the trial court shall appoint appellate counsel for Dooley. Counsel's briefs shall be served in keeping with rule 9.210(f) and shall be limited to the issue of fundamental error in the jury instructions.

Petition granted.

KELLY, LaROSE, and LUCAS, JJ., Concur.