779 So.2d 304 (1999)
Marvin MORRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-03697.
District Court of Appeal of Florida, Second District.
July 9, 1999.
Rochelle L. Lefler, Dixon, Lefler & Lorenzen, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jenny S. Seig, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Marvin Morrell challenges his convictions for robbery, aggravated assault, and fraudulent use of credit card. We find no merit in his three claims.
First, Morrell claims that the trial court erred in allowing the State to peremptorily strike an African-American juror. Morrell failed to preserve this issue for appeal because he accepted the venire without renewing his objection or making that acceptance subject to his previous objection. See Franqui v. State, 699 So.2d 1332, 1334 (Fla.1997), cert. denied, Florida v. Franqui, 523 U.S. 1040, 118 S.Ct. 1337, 140 L.Ed.2d 499, Franqui v. Florida, 523 U.S. 1097, 118 S.Ct. 1582, 140 L.Ed.2d 797 (1998); Joiner v. State, 618 So.2d 174, 176 (Fla.1993). Moreover, if this issue were preserved, we would still conclude that the trial court did not abuse its discretion in ruling that the State's reason for the peremptory strike was genuine and race-neutral. See Melbourne v. State, 679 So.2d 759, 763-64 (Fla.1996).
Second, Morrell argues that the trial court abused its discretion in admitting *305 a witness's testimony that she saw Morrell with a handgun in the months before the crimes. Again, Morrell failed to preserve this issue for appeal because, although he unsuccessfully moved in limine to exclude this testimony, he failed to object when the witness testified. See Lawrence v. State, 614 So.2d 1092, 1094 (Fla. 1993); Correll v. State, 523 So.2d 562, 566 (Fla.1988). Even if Morrell had objected, the testimony was relevant to more than Morrell's bad character or propensity to commit a crime. See Williams v. State, 110 So.2d 654 (Fla.1959). Section 90.404(2)(a), Florida Statutes (1997), allows the trial court to admit evidence of a defendant's prior acts when it is relevant to prove a material fact such as opportunity, preparation, or plan. This evidence was admissible because it was relevant to the issue of whether Morrell had access to a firearm, since Morrell was on trial for robbery with a firearm. See Lawrence, 614 So.2d at 1094.
Finally, Morrell argues that the trial court erred in admitting a witness's testimony that a police detective told her Morrell confessed. We disagree with the State's argument that Morrell failed to preserve this issue.
"Preserved" means that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor.
§ 924.051(b), Fla. Stat. (1997). Here, Morrell timely objected, and the trial court ruled on the issue. The objection was precise enough to apprise the trial court of its grounds and that the relief he sought was a mistrial. However, the State cured the error when it agreed to question the police detective as to whether Morrell confessed, and the detective testified that he did not. Moreover, we find no reasonable possibility that the witness's statement affected the verdict. See State v. DiGuilio, 491 So.2d 1129, 1135-39 (Fla.1986).
Affirmed.
PATTERSON, C.J., and PARKER and DAVIS, JJ., Concur.