890 So.2d 506 (2005)
Miguel A. CABRERA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5717.
District Court of Appeal of Florida, Second District.
January 5, 2005.
Victoria L. Bloomer of Escobar, Ramirez & Associates, Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Fishkin, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Miguel Cabrera appeals his convictions following a jury trial for racketeering, conspiracy to commit racketeering, conspiracy to traffic in heroin, and trafficking in illegal drugs. Because we agree that the trial court committed fundamental error in instructing the jury, we reverse.
Following an intensive investigation into a New York-Florida heroin racket, Cabrera and several codefendants were charged in a thirty-two count information alleging various racketeering, conspiracy, and trafficking offenses. Cabrera and Nestor Rios were tried together. Five of the six counts against the duo were the same. The evidence at trial featured dozens of intercepted wire and cellular communications among the codefendants, as well as the testimony of one codefendant and another *507 individual, who testified for the State.
Cabrera argues on appeal that the trial court committed fundamental error in instructing the jury on the offenses with which he was charged by including the conjunction "and/or" between his and Rios' name as to elements the State was required to prove beyond a reasonable doubt.
Throughout the instructions, the conjunction "and/or" linked the names of Cabrera and Rios. For example, the instruction for trafficking in illegal drugs states in part:
Before you can find the defendants guilty of trafficking in illegal drugs 28 grams or more, the State must prove the following four elements beyond a reasonable doubt: One, Miguel Cabrera and/or Nestor Rios knowingly sold, purchased, manufactured, delivered, brought into Florida, or possessed a certain substance. Two, the substance was heroin or any mixture containing any such substance. Three, the quantity of the substance involved was 28 grams or more. Four, Miguel A. Cabrera and/or Nestor E. Rios knew that the substance was heroin or any mixture containing such substance.
This instruction permitted the conviction of Cabrera on a finding that Rios knowingly sold, purchased, or manufactured heroin and that Rios knew that the substance was heroin. The case-specific instructions on conspiracy and conspiracy to traffic in heroin also referred to Cabrera and/or Rios. This instruction directly relates to Cabrera's convictions for the crimes of RICO, conspiracy to commit RICO, and conspiracy to traffic in heroin. Though the jury acquitted Cabrera of continuing criminal enterprise, that instruction preceded the other substantive offenses and similarly featured the conjunction "and/or" between the named defendants in defining the substantive elements of the offense.
The Florida Supreme Court explained in State v. Delva, 575 So.2d 643 (Fla.1991), as follows:
Instructions, however, are subject to the contemporaneous objection rule, and absent an objection at trial, can be raised on appeal only if fundamental error occurred. To justify not imposing the contemporaneous objection rule, `the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'
Id. at 644-45 (citations omitted). Because Cabrera voiced no objection to the instructions, in order to reverse, any error must be deemed fundamental.
A defendant has the right to have a court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence. Chicone v. State, 684 So.2d 736, 745 (Fla.1996). The use of the conjunction "and/or" erroneously permitted the conviction of each defendant for conspiracy to traffic in heroin on a finding that either of them conspired with coconspirators in trafficking heroin, twenty-eight grams or more. See Concepcion v. State, 857 So.2d 299, 300 (Fla. 5th DCA 2003) (reversing as fundamental error conviction for trafficking in cocaine in amount of 400 grams or more and conspiracy to traffic in cocaine when use of conjunction "or" between defendants' names in written instructions on trafficking charge permitted conviction of all defendants on finding that any of them had requisite intent); Davis v. State, 804 So.2d 400, 405 (Fla. 4th DCA 2001) (holding fundamental error occurred in oral instructions using conjunction "or" between *508 defendants' names because jury may have been misled that it could convict one defendant based solely on codefendant's conduct; but in light of affirmative defense of entrapment, error was harmless); Williams v. State, 774 So.2d 841, 842 (Fla. 4th DCA 2000) (reversing convictions when instruction read that defendant could be convicted of trafficking in cocaine and possession of drug paraphernalia if either defendant or codefendant had possession.)
We conclude that the instructions were inaccurate and misleading and may have misled the jury. The improper use of the conjunction "and/or" in the written and oral instructions was fundamental error because the jury could have convicted Cabrera based solely upon a conclusion that defendant Rios' conduct satisfied an element of the offenses. See Concepcion, 857 So.2d at 301. The instruction deprived Cabrera of his right to receive an individualized verdict. See Davis, 804 So.2d at 403-04.
Reversed and remanded for new trial.
NORTHCUTT and WALLACE, JJ., concur.