895 So.2d 1195 (2005)
Sherrey DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-425.
District Court of Appeal of Florida, Second District.
February 23, 2005.
Rehearing Denied March 30, 2005.
Elizabeth A. Beardsley of Escobar, Ramirez & Associates, P.A., Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant *1196 Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Sherrey Davis appeals her convictions for trafficking in cocaine and conspiracy to traffic in cocaine. We conclude that the trial court committed fundamental error in instructing the jury because it included the conjunction "and/or" between Davis's name and the name of her codefendant in essential jury instructions. We reverse.[1]
In Cabrera v. State, 890 So.2d 506 (Fla. 2d DCA 2005), the appellant was charged with several offenses, including conspiracy to traffic in heroin and trafficking in illegal drugs. The appellant argued that the trial court committed fundamental error in instructing the jury on the offenses by including the conjunction "and/or" between his name and his codefendant's name as to elements the State was required to prove beyond a reasonable doubt. In Cabrera, the jury instruction for trafficking in illegal drugs stated in part:
Before you can find the defendants guilty of trafficking in illegal drugs 28 grams or more, the State must prove the following four elements beyond a reasonable doubt: One, Miguel Cabrera and/or Nestor Rios knowingly sold, purchased, manufactured, delivered, brought into Florida, or possessed a certain substance. Two, the substance was heroin or any mixture containing any such substance. Three, the quantity of the substance involved was 28 grams or more. Four, Miguel A. Cabrera and/or Nestor E. Rios knew that the substance was heroin or any mixture containing such substance.
Id.
This court noted that the jury instruction allowed the appellant to be convicted based on a finding that his codefendant knowingly sold, purchased, or manufactured heroin and that his codefendant knew that the substance was heroin. Id. This court further noted that the "use of the conjunction `and/or' erroneously permitted the conviction of each defendant for conspiracy to traffic in heroin on a finding that either of them conspired with coconspirators in trafficking heroin, twenty-eight grams or more." Id. This court held that it was fundamental error to include the conjunction "and/or" between the names of the codefendants in the jury instructions because the jury may have convicted the appellant based solely upon a finding that his codefendant's conduct satisfied an element of the offenses. Id.
In the present case, Davis was similarly charged with trafficking and conspiracy to traffic in cocaine. As in Cabrera, the trial court improperly included the "and/or" conjunction between Davis's name and the name of her codefendant when it instructed the jury as to both offenses, and the instruction deprived Davis of her right to an individualized verdict.
Reversed and remanded for a new trial.
NORTHCUTT and VILLANTI, JJ., Concur.
NOTES
[1] We do not find merit in Davis's argument that the trial court erred in admitting Detective Garfield's testimony regarding her previous contact with Davis, and we affirm that point without discussion.