917 So.2d 988 (2005)
Douglas Montgomery LLOYD, Petitioner,
v.
James V. CROSBY, Jr., Sec. FL Dept. of Corr., etc., Respondents.
No. 3D05-1344.
District Court of Appeal of Florida, Third District.
December 28, 2005.
Douglas Montgomery Lloyd, in proper person.
Charles J. Crist, Jr., Attorney General, and Angel L. Fleming, Assistant Attorney General, for respondents.
Before WELLS, SHEPHERD, and CORTIÑAS, JJ.
CORTIÑAS, Judge.
Petitioner seeks a writ of habeas corpus based on our holding in Dorsett v. McRay, 901 So.2d 225 (Fla. 3d DCA 2005). The petitioner, Douglas Montgomery Lloyd, was a co-defendant with Gregory Dorsett and both were tried together. In considering Dorsett's petition for a writ of habeas corpus, we determined that the court's jury instructions on robbery and false imprisonment resulted in fundamental error through the use of the "and/or" conjunction, which confusingly and incorrectly implied that either defendant could be convicted solely upon a finding that the other *989 defendant's conduct satisfied the elements of the offenses. Dorsett, 901 So.2d at 226.
Had there been no material distinction between the cases of Gregory Dorsett and Douglas Montgomery Lloyd, we would certainly grant the relief sought, vacate the remaining convictions, and grant a new trial. However, in reviewing this case for fundamental error, we find that there exists a material distinction between the cases of Dorsett and Lloyd. Lloyd was allegedly one of the three armed gunmen that held up the victims in this case while Dorsett was allegedly the getaway driver. Dorsett was previously employed by the victims and, as a result, would have certainly been recognizable to the victims. After a careful review of the trial record, we find that there is nothing that Dorsett did or could have done which would have resulted in the wrongful conviction of Lloyd as a result of the improper "and/or" conjunction. As such, the trial court's error in giving a jury instruction on robbery and false imprisonment with an "and/or" conjunction was harmless as to Lloyd.
Accordingly, we deny the petition.