*1013
On Motion for Rehearing

PER CURIAM.
We withdraw our prior opinion and substitute the following in its place.
We affirm the order denying postconviction relief, although we conclude that the motion was not untimely as the trial court found. However, the motion was successive, and there is no explanation as to why the grounds asserted in this motion could not have been brought in the prior post-conviction relief motion.
On the merits, the claim also should have been denied on the jury instruction issue, as Rios v. State, 905 So.2d 931 (Fla. 2d DCA 2005), and Cabrera v. State, 890 So.2d 506 (Fla. 2d DCA 2005), cited by the appellant, are factually inapposite to this case. Rios and Cabrera dealt with the use of “and/or” between the names of codefen-dants in a drug trafficking charge. Rios and Cabrera were tried together as code-fendants and the judge instructed the jurors that they would have to find that “Cabrera and/or Nelson E. Rios knew that the substance was heroin ....” Rios, 905 So.2d at 932; Cabrera, 890 So.2d at 507. Thus, the “and/or” conjunction between defendant’s and codefendant’s names as to an element the prosecution had to prove beyond a reasonable doubt, i.e., knowledge of the illegal substance, was fundamental error because the jury could have convicted the defendant based on a conclusion that the codefendant’s conduct or knowledge alone satisfied an element of the charged offenses.
That is not the situation present in this case. Here, the conjunction was used to state that the prosecution must prove that appellant conspired with “Avienda and/or Juan Herara to cause trafficking in cocaine to be committed, either by them, or one of them, or by some other person.” The instruction still requires proof that appellant alone was the one who conspired with either Avienda or Herara, or both. The instruction did not allow the jury to convict appellant if his codefendants conspired only with each other and not with him. No fundamental error occurred.
STEVENSON, C.J., WARNER and KLEIN, JJ., concur.