922 So.2d 1013 (2006)
Kenneth TOLBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2785.
District Court of Appeal of Florida, Fifth District.
February 10, 2006.
Rehearing Denied March 16, 2006.
*1014 James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Kenneth Tolbert was convicted of home invasion robbery with a firearm, kidnapping with intent to commit a felony with a firearm, two counts of kidnapping with intent to commit a felony, aggravated battery with a firearm, aggravated battery with a deadly weapon, aggravated battery causing great bodily harm, and robbery with a firearm. Tolbert argues that erroneous jury instructions entitle him to reversal of his convictions and a new trial. Specifically, he argues that insertion of "and/or" between his name and the name of his codefendant, Carlos Reed, in the jury instructions allowed the jury to wrongfully convict him  an innocent man  for the criminal conduct of Reed. Tolbert also argues that the trial court erred in allowing testimony of his drug sales to be presented to the jury.[1] We affirm.
The facts are convoluted and confusing, primarily because they involve a group of individuals whose minds were diverted by indulgence in alcohol and illegal drugs over an extended period of time. However, it is not necessary to discuss the minutia of facts in this opinion in order to resolve the issues before us. Therefore, we will present the factual background in summary form.
*1015 The sequence of events that led to the criminal conduct we review was set in motion when four individuals began a day of merriment involving extensive drug and alcohol use. When their revelry depleted their drug supply, they turned to Tolbert, a drug dealer, for more. Tolbert discovered from one of these individuals that a safe located at a certain residence contained a rather large amount of cash. With a borrowed truck obtained with bartered drugs, Tolbert proceeded to the residence with his associate, Reed, and another unidentified individual to relieve the residents of the money.
Tolbert, Reed, and the third individual entered the home at gunpoint, battered the residents, and threatened to kill them if they did not open the safe. Unfortunately for Tolbert, the residents were so frightened that they could not successfully apply the combination and, therefore, could not open the safe. Needless to say, as sometimes occurs when a criminal enterprise goes awry, when the initial plan fails another is conceived, so Tolbert, who was apparently unschooled in the art of safe-cracking, simply loaded the safe onto the back of the borrowed truck and proceeded home. There, Tolbert and his associates were eventually successful in cutting the safe open and gaining access to its contents.
The unfortunate residents summoned the police. Tolbert was eventually identified as one of the robbers, and the police proceeded to Tolbert's home, search warrant in hand, where they found the contents of the safe located in the attic above Tolbert's bedroom. Tolbert and Reed were arrested, charged with the offenses aforementioned, and tried together. At the appropriate time, the trial court instructed the jury that in order to find either defendant guilty of any of the eight counts, the State had to prove that "KENNETH TOLBERT AND/OR CARLOS REED" committed the essential elements of each offense.[2] Tolbert was convicted, but Reed was acquitted of all charges. Obviously displeased with the verdict, Tolbert appeals, raising the issues previously discussed. Turning first to the instructional error involving inclusion of "and/or" between Tolbert's and Reed's names, the State contends that Tolbert failed to object to the jury instructions and, therefore, waived the error. Tolbert argues that the error is fundamental and requires reversal.
The courts have consistently agreed that use of "and/or" between the names of codefendants in jury instructions is fundamental error. This general rule is premised on the rationale that use of this verbiage misleads the jury into believing that the conviction of a defendant may be based solely on the conduct of the codefendant. Pizzo v. State, 916 So.2d 828 (Fla. 2d DCA 2005); Davis v. State, 895 So.2d 1195 (Fla. 2d DCA 2005); Cabrera v. State, 890 So.2d 506, 508 (Fla. 2d DCA 2005) ("The improper use of the conjunction `and/or' in the written and oral instructions was fundamental error because the jury could have convicted Cabrera based solely upon a conclusion that defendant Rios' conduct satisfied an element of the offenses."); Concepcion v. State, 857 So.2d 299 (Fla. 5th DCA 2003); Davis v. State, *1016 804 So.2d 400 (Fla. 4th DCA 2001); Williams v. State, 774 So.2d 841, 843 (Fla. 4th DCA 2000) ("Because Williams' jury may have been misled into thinking that it could convict him based solely on Adderly's conduct, we hold that the instructions were fundamental error."). Hence, the purpose for the general rule is to prevent one individual from being improperly convicted for the criminal conduct of another.
If the purpose for the rule is not served in a particular case, the rule may be inapplicable. We believe that when the codefendant is acquitted of all charges, the jury cannot be misled into believing that the defendant can be held criminally responsible for the conduct of the codefendant. The illogic that emanates from application of the rule in such a situation is readily apparent and leads us to conclude that the rule does not apply in cases where the codefendant was acquitted.
We note that most of the decisions we have cited that apply the instructional rule as fundamental error do not mention the fact that the codefendants were also convicted. Perhaps this absence of factual information in the opinions can be attributed to the procedural course followed by codefendants in filing separate appeals. Therefore, there is no need for the appellate courts to dwell upon the codefendant's fate before the trial court. Nevertheless, we are able to discern that each case involves convictions of the codefendant from the citation of each decision as precedent in the opinions subsequently rendered in the codefendant's appeals, which likewise reversed the codefendant's convictions based on the same instructional error.[3] Moreover, we have not been presented with a case where the rule was applied despite acquittal of the codefendant. Accordingly, we conclude that because Reed, the codefendant, was acquitted in the instant case, the fundamental instructional error rule advanced by Tolbert does not apply.
Next, Tolbert claims that the trial court erred in allowing testimony of his drug sales to be presented to the jury. He had filed a motion in limine prior to trial to prohibit introduction of this evidence, and after argument was presented, the trial court reserved ruling on the motion. That ruling was never made, and there is nothing in the record to suggest that Tolbert subsequently pressed the trial court for a *1017 ruling or objected when the testimony was introduced. The State notes the provision of section 90.104(1), Florida Statutes (2003), which was amended by the 2003 Legislature to provide in pertinent part that "[i]f the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." The Legislature specifically provided that this amendment became law on July 1, 2003,[4] which is well before the date Tolbert is alleged to have committed his crimes. But the State argues that the amendment is inapplicable because it has never been adopted by the Florida Supreme Court and is, therefore, an unconstitutional usurpation of the court's authority to adopt rules of procedure.
The State is far too dismissive of the amendment's application here because the court has specifically adopted it, effective on the date the Legislature said it became law. In re Amendments to The Florida Evidence Code-Section 90.104, 914 So.2d 940, 941 (Fla.2005) ("After considering the Committee's original and supplemental reports and the comments filed, we adopt chapter 2003-259, section 1, as provided in the appendix to this opinion to the extent that it is procedural. Our adoption of the amendment is effective on the date it became law."). Hence, the amendment applies to the instant case.
One of the intended consequences of the amendment is to alleviate the often harsh results that followed from application of decisions which held that although a litigant secured a prior evidentiary ruling from the trial court, waiver of the objection occurred, albeit unintended, if the litigant failed to lodge a timely renewal of the objection in the proceedings when the evidence was subsequently introduced.[5] Thus, pursuant to the amendment, if a party files a motion in limine prior to trial, the trial court's ruling on that motion sufficiently preserves the evidentiary issue for appellate review. However, the objecting or moving party must secure a ruling from the trial court in order to preserve the issue for review under the amendment.
Here, Tolbert never obtained a ruling from the trial court regarding his motion in limine and, therefore, the evidentiary issue is not preserved under the amendment. Accordingly, his failure to do so, along with his failure to timely object at the time the testimony concerning his drug sales was introduced, effectively waived his objection and we cannot review any claimed error resulting from admission of that testimony. See Rose v. State, 787 So.2d 786, 797 (Fla.2001) ("As a general rule, the failure of a party to get a timely ruling by a trial court constitutes a waiver of the matter for appellate purposes.") (citing Richardson v. State, 437 So.2d 1091, 1094 (Fla.1983)); Armstrong v. State, 642 So.2d 730, 740 (Fla.1994) ("The trial judge reserved ruling on this issue and apparently never issued a ruling. Consequently, this issue is procedurally barred."); Barker v. State, 877 So.2d 59, 63 (Fla. 4th DCA 2004) ("The trial court never made any determination regarding the admissibility of the prior bad act evidence. Therefore, we find that the issue is not preserved for appellate review."); Carratelli v. State, 832 *1018 So.2d 850, 856 (Fla. 4th DCA 2002) ("A plethora of Florida cases support the notion that a party must obtain a ruling from the trial court in order to preserve an issue for appellate review."), review denied, 848 So.2d 1153 (Fla.2003); Willingham v. State, 781 So.2d 512, 513 (Fla. 5th DCA 2001) ("The trial judge reserved ruling on both motions but defense counsel failed to obtain a ruling on them. Thus, this issue was not preserved for appeal."); see also Reaves v. Crosby, 837 So.2d 396, 398 (Fla.2003) ("Defense counsel did not pursue the matter further, so this issue was not preserved for appeal.").
Our analysis of the issues we have addressed leads us to conclude that, although errors were committed by the trial court, just as Tolbert asserts, they were not properly preserved for our review. We are, therefore, prohibited from granting the relief Tolbert seeks and obligated to affirm his convictions.
AFFIRMED.
PALMER and MONACO, JJ., concur.
NOTES
[1] Tolbert also argues that the trial court erred in denying his motion to sever his trial from Reed's. Although it appears that Tolbert only made a motion for separate juries, we affirm the trial court's ruling on this issue without further discussion.
[2] For example, the jury was instructed on counts two, three, and four:

To prove the crime of kidnapping with intent to commit a felony, State must prove.... KENNETH TOLBERT AND/OR CARLOS REED forcibly, secretly or by threat confined abducted or imprisoned.... KENNETH TOLBERT AND/OR CARLOS REED had no lawful authority.... KENNETH TOLBERT AND/OR CARLOS REED acted with intent....
[3] See, e.g., Pizzo v. State, 910 So.2d 287, 293-94 (Fla. 2d DCA 2005) ("As we did in Pizzo I [Pizzo v. State, 916 So.2d 828 (Fla. 2d DCA 2005)], we reverse Mrs. Pizzo's conviction for conspiracy to commit racketeering based on our determination that the trial court committed fundamental error in instructing the jury on the crime of conspiracy to commit racketeering."); Rios v. State, 905 So.2d 931, 932 (Fla. 2d DCA 2005) (citing Cabrera v. State, 890 So.2d 506 (Fla. 2d DCA 2005), to reverse the codefendant's conviction explaining that "the trial court committed fundamental error by including the conjunction and/or between Rios's and Cabrera's names in the jury instructions for the various crimes"); Randolph v. State, 903 So.2d 264 (Fla. 2d DCA 2005) (citing Davis v. State, 895 So.2d 1195 (Fla. 2d DCA 2005), to reverse the codefendant's conviction explaining that "[b]ecause the instructions given for Randolph were identical to those given for Davis, we also reverse Randolph's convictions and sentences and remand for a new trial"); Bynes v. State, 798 So.2d 49 (Fla. 4th DCA 2001) ("In Davis v. State, [804 So.2d 400 (Fla. 4th DCA 2001)], we reversed the conviction of appellant's codefendant, his wife, on the ground that the jury instructions on entrapment were inaccurate and misleading. We follow Davis and reverse appellant's conviction for trafficking in cocaine and conspiracy to traffic in cocaine on the same ground."). We note that in Concepcion v. State, 857 So.2d 299 (Fla. 5th DCA 2003), this court consolidated the appeals of the defendant and his codefendants and reversed each conviction. We did not find a companion case to Williams v. State, 774 So.2d 841 (Fla. 4th DCA 2000).
[4] See Ch.2003-259, § 4 at 1300, Laws of Fla.
[5] See Lawrence v. State, 614 So.2d 1092, 1094 (Fla.1993) ("The contemporaneous objection rule applies to evidence about other crimes, and, even if `a prior motion in limine has been denied, the failure to object at the time collateral crime evidence is introduced waives the issue for appellate review.'") (quoting Correll v. State, 523 So.2d 562, 566 (Fla. 1988); Shaw v. State, 824 So.2d 265 (Fla. 4th DCA 2002); Morrell v. State, 779 So.2d 304 (Fla. 2d DCA 1999)).