LaROSE, Judge.
In his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), Nicholas Anthony Tersigni contends that his appellate counsel was ineffective. According to Mr. Tersigni, his appellate counsel failed to argue that the trial court committed fundamental error in using the conjunction “and/or” between Mr. Tersig-ni’s name and the name of the codefendant when instructing the jury on the essential elements of two of the charged offenses. We agree. Accordingly, we grant the petition and allow Mr. Tersigni a belated appeal on this issue only.
Mr. Tersigni was convicted by a jury of organized fraud, racketeering, and conspiracy to commit racketeering. We affirmed the judgment and sentences. See Tersigni v. State, 923 So.2d 505 (Fla. 2d DCA 2006) (table decision).
*1155 Prior to the filing of the initial brief in Mr. Tersigni’s direct appeal, we reversed convictions for racketeering, conspiracy to commit racketeering, conspiracy to traffic in heroin, and trafficking in illegal drugs because the trial court committed fundamental error by including the “and/or” conjunction between the names of a defendant and his codefendant when instructing the jury as to the elements the State was required to prove beyond a reasonable doubt. See Cabrera v. State, 890 So.2d 506, 507-08 (Fla. 2d DCA 2005). We issued similar decisions in two other cases prior to the filing of Mr. Tersigni’s initial brief. See Pizzo v. State, 916 So.2d 828 (Fla. 2d DCA 2005); Davis v. State, 895 So.2d 1195 (Fla. 2d DCA 2005).
Mr. Tersigni’s claim is cognizable in a petition alleging ineffective assistance of appellate counsel. See Zeno v. State, 922 So.2d 481, 432 (Fla. 2d DCA 2006). We conclude that appellate counsel was ineffective in failing to argue that the trial court committed fundamental error with respect to the jury instructions in question. “A determination as to whether these instructions constituted fundamental error requires a full review of the record on appeal.” Zeno, 922 So.2d at 433. We instruct the trial court, within thirty days from the issuance of our mandate, to appoint new appellate counsel for Mr. Tersig-ni. Within thirty days of appointment, new appellate counsel shall file a new notice of appeal and reference this opinion therein. Thereafter, new appellate counsel shall file a timely brief directed to the issue outlined in this opinion.
Petition granted.
ALTENBERND and NORTHCUTT, JJ., Concur.