955 So.2d 57 (2007)
Musa SHABAZZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D06-5538.
District Court of Appeal of Florida, First District.
March 26, 2007.
Rehearing Denied May 8, 2007.
*58 Musa Shabazz, pro se, Petitioner.
Bill McCollum, Attorney General, and Terry P. Roberts, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
After his conviction for attempted first-degree murder, an appeal was taken to this court of the judgment and sentence of Musa Shabazz. Counsel argued on appeal that the verdict was not supported by the evidence, a jury instruction issue, and the existence of an error in the judgment regarding the degree of the crime. This court remanded the cause to the trial court for correction of the judgment but otherwise affirmed. Shabazz v. State, 931 So.2d 224 (Fla. 1st DCA 2006).
Shabazz now raises a claim of ineffective assistance of appellate counsel, arguing that counsel failed to raise another jury instruction issue which would have entitled him to a new trial. The jury was instructed that it should find the defendant guilty if it found the state proved that he and/or a co-defendant acted in a certain manner. Appellate courts of this state have found this type of jury instruction to be reversible and fundamental error. Davis v. State, 895 So.2d 1195 (Fla. 2d DCA 2005); Cabrera v. State, 890 So.2d 506 (Fla. 2d DCA 2005). This court, however, has never directly addressed the issue and, shortly after petitioner's direct appeal became final, the Fourth District decided Garzon v. State, 939 So.2d 278 (Fla. 4th DCA 2006). There, the court disagreed with the "fundamental and reversible" approach to the problem taken by Davis and Cabrera and found that the appellant was not entitled to relief under the circumstances of his offense and trial. Conflict was certified and the cause is now before the Florida Supreme Court in case number SC06-2235.
The issues for this court are: "first, whether the alleged omissions [of appellate counsel] are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result." Pope v. Wainwright, 496 So.2d 798, 800 (Fla.1986).
We agree with petitioner that his appellate counsel was ineffective for failing to raise the jury instruction issue on direct appeal in light of the existence of cases such as Davis and Cabrera at the time the brief was filed. However, we find that the appropriate remedy is a new appellate proceeding to review the issue, rather than ordering a new trial at this time. See Barnes v. State, 932 So.2d 589 (Fla. 5th DCA 2006); Granberry v. State, 919 So.2d 699 (Fla. 5th DCA 2006); Fair v. Crosby, 858 So.2d 1103 (Fla. 4th DCA 2003). Accordingly, a copy of this opinion will be provided to the clerk of the circuit court, who shall treat it as a notice of appeal, upon issuance of mandate in this cause. If Shabazz qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal.
PETITION GRANTED.
BROWNING, C.J., WOLF, and KAHN, JJ., concur.