973 So.2d 1194 (2008)
George Harlan JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5789.
District Court of Appeal of Florida, Second District.
January 16, 2008.
M.D. Purcell, Jr., Lutz, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and John W. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
George Harlan James appeals his judgment and life sentence for capital sexual battery. He raises two issues, neither of which was properly raised in the trial court. Accordingly, we affirm.
In December 2003, James was charged by amended information with two counts of capital sexual battery upon two child victims. Count I alleged that between January 1, 1975, and December 31, 1979, James digitally penetrated the vagina of his former neighbor, "a child 11 years of age or younger." Count II alleged that between October 1, 1972, and January 1, 1973, James had sexual intercourse with his stepdaughter, a child under the age of eleven. James went to trial on count II and was acquitted of the charges involving his stepdaughter.
James then went to trial on the charge involving his former neighbor. During *1195 this trial, the victim, a woman now in her thirties, testified that James abused her on two separate occasions. During her direct examination she first testified that James had massaged her vaginal area and had her hold his penis while she was sitting on the toilet in the bathroom of James's home. She stated that she could have been as young as four or as old as six years of age when this occurred. She then testified about a second incident that occurred in James's kitchen. She testified that during that incident James inserted two fingers into her vagina as she sat on his lap. When questioned regarding her age at the time of this incident, the victim stated she could have been as young as four, but she could have been as old as eleven. James objected to the testimony regarding the incident in the kitchen stating:
Mr. James is charged with one count, one crime. If you allow them to go into a second offense, this jury is not going to know which digital vaginal penetration they're being asked to convict the defendant of. We just can't have lots of digital penetrations and tell the jury to pick one.
The trial court overruled the objection stating, "[M]y ruling is January of whatever year to January of whatever year there is a thousand acts of digital penetration, they need only talk about one and they can still talk about a thousand, or they can charge a thousand and the jury gets to pick whatever it is they believe."
James first argues that the trial court erred in permitting the victim to testify about the kitchen incident because the State had only charged him with a single count of sexual battery involving a single incident of digital penetration as opposed to a charge alleging the conduct as part of a pattern of behavior that occurred on one or more occasions. See, e.g., State v. Generazio, 691 So.2d 609, 611 (Fla. 4th DCA 1997) (noting that in cases involving ongoing child abuse, where the victim is too young at the time of the alleged abuse to testify to the specific dates the abusive acts occurred, it is not improper for the information to allege that the abuse occurred on one or more occasions within a specific time period); compare State v. Dell'Orfano, 651 So.2d 1213, 1216 (Fla. 4th DCA 1995) (stating that when it is reasonable and possible to distinguish between specific incidents or occurrences of abuse, each incident should be contained in a separate count of the charging document to avoid the potential of a non-unanimous jury verdict). James contends that allowing the jury to hear testimony regarding two distinct incidents of penetration that occurred at different times and places jeopardized its ability to render a unanimous verdict.
We agree that it would have been error had the trial court allowed evidence of two distinct incidents of penetration and told the jury it could convict James for either. See Perley v. State, 947 So.2d 672, 674 (Fla. 4th DCA 2007). In such a scenario, some jurors might accept that one incident of penetration was proved, while others might determine that the other was proved, thus leading to a conviction even though the jury did not reach a unanimous decision on either incident. Nevertheless, we must reject James's argument because at the point in the trial where he objected to what he characterized as a second incident involving penetration, the victim had yet to testify that the first incident involved penetration. Rather, she had testified only that James massaged her vaginal area. We therefore conclude James's objection was premature, and the trial court properly overruled it, albeit for the wrong reason.[1]
*1196 James next argues that the trial court erred in admitting, over defense objection, testimony that he had sexually abused his stepdaughter for many years.[2] James contends that this testimony should have been excluded under section 90.403, Florida Statutes (2004), because its prejudicial impact outweighed its probative value. Although he objected to his step-daughter's testimony, James did not argue that its probative value was substantially outweighed by the danger that it would unfairly prejudice the jury.[3] For an issue to be preserved for appeal, the specific legal argument or ground to be argued on appeal must have been presented to the trial court. Perez v. State, 919 So.2d 347, 359 (Fla.2005). Because the error raised on appeal was not preserved, it cannot provide a basis for reversal. Accordingly, James's conviction is affirmed.
Affirmed.
NORTHCUTT, C.J., and KELLY and WALLACE, JJ., Concur.
NOTES
[1] It is evident that both defense counsel and the State anticipated the victim would testify that the bathroom incident involved penetration. It was "defense counsel who eventually elicited that testimony from the victim on cross-examination, apparently not realizing that she had not testified as anticipated.
[2] The court excluded testimony regarding the charge for which James had been acquitted: sexual intercourse with his stepdaughter that allegedly occurred after she turned nine but before her tenth birthday. The court allowed testimony regarding acts, including sexual intercourse, that took place outside that time frame.
[3] James filed a motion in limine seeking, among other things, to exclude testimony regarding uncharged crimes and crimes for which he had been acquitted. The motion argues that testimony regarding uncharged conduct is not relevant or probative; however, it does not argue that if the testimony was admitted it would be unfairly prejudicial. Further; it appears that James either failed to obtain a ruling on his motion or, if he did obtain a ruling, failed to include it in the record on appeal. Thus, even if we could conclude that the motion fairly raised the issue argued on appeal, James's failure to obtain a ruling waived it. See Tolbert v. State, 922 So.2d 1013, 1017 (Fla. 5th DCA 2006) (holding that the failure to obtain a ruling on a pretrial motion in limine waived the objections raised in the motion unless those objections were made and ruled upon at trial when the evidence was offered).