PER CURIAM.
Keidrick Lamar Ewing presents a timely claim of ineffective assistance of appellate counsel. As amended, his petition asserts that appellate counsel was ineffective in five respects. Grounds II through V are meritless, and we deny them without further discussion. However, we find that as Ewing argues in his remaining claim, appellate counsel was ineffective for failing to present for the court’s consideration the claim that petitioner’s convictions for “dealing in stolen property — organized,” in violation of section 812.019(2), Florida Statutes, are fundamentally erroneous in *944 light of Goddard v. State, 458 So.2d 230 (Fla.1984), and Burrell v. State, 601 So.2d 628 (Fla. 2d DCA 1992).
Accordingly, the petition is granted in part and we order commencement of a new appellate proceeding. See Marrero v. State, 967 So.2d 934 (Fla. 2d DCA 2007); Shabazz v. State, 955 So.2d 57 (Fla. 1st DCA 2007). A copy of this opinion 'will be provided to the clerk of the circuit court upon issuance of mandate, who shall treat it as a timely notice of appeal. If petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal. The resulting appeal shall be limited to the issues of whether petitioner’s convictions for violations of section 812.019(2) are erroneous, whether any such error is fundamental in nature, and if so, the appropriate remedy.
DAVIS, VAN NORTWICK, and PADOVANO, JJ„ Concur.