DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RANDY ALLEN HERMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1636

[April 14, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 17CF002979AMB.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence for first-degree murder. He argues the trial court erred in admitting the State expert's testimony regarding sexually motivated homicide and in denying his request for a special jury instruction. We affirm.

A grand jury indicted the defendant for first degree murder for the brutal stabbing of the victim. The defendant relied on the insanity defense claiming he suffered from the non-rapid eye movement sleep arousal disorder of "sleepwalking." The jury convicted him as charged.

In his first issue, he argues the court erred in admitting the State expert's testimony regarding sexually motivated homicide. This issue is unpreserved.

Prior to trial, the defendant moved to exclude the State expert from testifying that the case is a "relatively typical example of sexual homicide," and the events that led him to that conclusion. The defendant argued the

State expert's opinion was not supported by the evidence and not based on recognized literature in his field. The trial court deferred ruling until the trial.

When the State expert was called to the stand, the defendant twice objected to his testimony on speculation and hearsay grounds. The defendant failed, however, to object on the grounds stated in the motion in limine and obtain a ruling on his motion. Absent a trial court's ruling on the issue, we cannot determine whether it erred. *See Tolbert v. State*, 922 So. 2d 1013, 1017 (Fla. 5th DCA 2006). We therefore affirm on this issue.

In his second issue, the defendant argues the trial court erred in failing to give a specially requested jury instruction when the defendant was precluded from admitting his recorded statement to police into evidence. The defendant requested the following instruction:

> The admissibility of all evidence in courts of law in the State of Florida is governed by the Florida evidence code. Out-of-court statements of the defendant are generally considered hearsay and inadmissible in evidence unless the opposing party seeks to have those statements admitted.

The defendant argues the standard jury instruction on weighing the evidence was insufficient because it did not instruct the jury that the defendant was precluded from entering his recorded statement into evidence. He suggests the recorded statement was required to prove his affirmative defense because it showed remorse, a key factor in the published literature for determining whether the defendant was sleepwalking. We disagree.

First, the requested instruction does not address the defendant's theory of defense—insanity. Rather, the requested instruction addressed only the defendant's preclusion from introducing his recorded statement.

Second, the standard jury instruction on insanity properly explained the burden of proof and the defendant's theory of defense. *See Finch v. State*, 534 So. 2d 1228, 1229 (Fla. 3d DCA 1988) (holding trial court did not err in denying special jury instruction on insanity where trial court gave standard instruction). The trial court did not err in denying the defendant's special instruction request.

Even if error occurred, we deem it harmless. *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986). The record reflects:

2

(1) the defendant testified he was remorseful in his statement to police;

(2) his expert testified the defendant exhibited remorse in his recorded statement;

(3) the defendant's 911 call reflected the defendant's remorse for the events; and

(4) in closing, defense counsel argued: "[Y]ou heard from [the defense expert], remorse is a factor in the Bankalo Criteria, a person who has remorse for the action that they commit, well, it makes sense that they didn't do it on purpose, that it was something that was a surprise to them."

The jury was apprised of the defendant's remorse in multiple ways without the admission of his recorded statement. The jury was unaware the defendant was precluded from introducing the recorded statement. Neither the statement nor the requested instruction reasonably contributed to the verdict.

*Affirmed.*

WARNER and DAMOORGIAN, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

3