777 So.2d 969 (2001)
Alan MACKERLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-714.
Supreme Court of Florida.
February 1, 2001.
Rehearing Denied March 30, 2001.
Paul Morris of the Law Offices of Paul Morris, P.A., Coral Gables, Florida; and Stephen H. Rosen of the Law Offices of Stephen H. Rosen, P.A., Coral Gables, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Celia Terenzio, Assistant Attorney General, Bureau Chief, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, FL, for Respondent.
PER CURIAM.
We have for review a decision which the district court certified as having passed upon the following question of great public importance:
Is it harmless error when a defendant is convicted by general verdict for first degree murder on the dual theories of premeditation and felony murder where the felony underlying the felony murder charge is based on a legally unsupportable theory of which the defendant is nevertheless convicted, and there is evidence in the record to support the jury's finding of premeditation?
Mackerley v. State, 754 So.2d 132 (Fla. 4th DCA 2000). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
The district court certified the question in this case in response to this Court's initial opinion in Delgado v. State, 25 Fla. L. Weekly S79 (Fla. Feb. 3, 2000), wherein this Court determined that one of the State's theories of first-degree murder (felony murder based on a burglary) was legally unsupportable. Despite this conclusion, we held that the error in sending the felony murder charge to the jury was harmless since the evidence supported the conviction for premeditated murder.
On rehearing in Delgado, this Court acknowledged that the United States Supreme Court has determined that a conviction under a general verdict is improper when it rests on multiple bases, one of which is legally inadequate. See Delgado v. State, 776 So.2d 233 (Fla.2000) (citing Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957)). Ultimately, we reversed Delgado's convictions. Accordingly, we answer the certified question in the negative, quash the decision of the District Court of Appeal, and remand with directions that petitioner's conviction be reversed.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
WELLS, C.J., and QUINCE, J., dissent.