978 So.2d 840 (2008)
Quadir SABREE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1378.
District Court of Appeal of Florida, Fourth District.
April 2, 2008.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
Quadir Sabree appeals his conviction and sentence as to one count of DUI manslaughter/unlawful blood alcohol level (BAL) (Count I), and one count of DUI serious bodily injury/unlawful blood alcohol level (Count III). On appeal, Sabree asserts that the trial court fundamentally erred by giving misleading and inaccurate jury instructions that related to an element of his offense. We reverse because *841 the inaccurate jury instructions as to Counts I and III presented the jury with an improper ground for conviction. We affirm in all other respects.
By way of background, in March 2004, Sonya Rogers was driving north on I-75 with a passenger. While driving, Rogers was rear-ended by a bluish/greenish car causing her vehicle to flip over multiple times. As a result of the accident, Rogers was severely injured, and the passenger was killed.
On the same day, Sabree was driving a bluish/greenish car north on I-75 when he struck something. He denied striking Rogers' vehicle. However, the damage to his car is consistent with the damage dealt to Rogers' vehicle. Sabree admitted to drinking before the accident and to staying up all night before driving. Sabree submitted to two blood alcohol tests two hours after the crash, which revealed his blood alcohol level to be 0.11% and 0.09%, respectively. An Aliza test revealed a trace amount of cocaine.[1]
As a result of the collision, Sabree was charged and convicted for one count of DUI manslaughter/unlawful blood alcohol level (Count I), and one count of DUI serious bodily injury/unlawful blood alcohol level (Count III).[2] At the end of trial, the trial court gave the jury the following instruction as to Count I (DUI manslaughter/unlawful blood alcohol level):
To prove the crime of DUI/Manslaughter/Unlawful Blood Alcohol Level, the State must prove the following three elements beyond a reasonable doubt:
1. QUADIR SABREE drove or was in actual physical control of a vehicle.
2. While driving or while in actual physical control of the vehicle, QUADIR SABREE had a blood alcohol level of 0.08 or higher and/or a controlled substance to-wit: cocaine.

3. As a result, QUADIR SABREE caused or contributed to the cause of the death of Walter Steven Dixon
(emphasis added). The instruction for Count III read the same as to the second element as the Count I instruction. Sabree did not object to either instruction. On the verdict form, the jury did not specify whether it found Sabree guilty for having an unlawful BAL or for having cocaine in his system; or for both.
In order to be guilty of driving under the influence pursuant to section 316.193(1)(a)-(c), Florida Statutes (2004), a person must be either (a) "affected to the extent that [his] normal faculties are impaired" by alcohol or a controlled substance, which includes cocaine, (b) have a "blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood", or (c) have a "breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath." Consequently, simply having cocaine in the system is legally insufficient to convict because the State is required to prove beyond a reasonable doubt that Sabree was "under the influence" of cocaine.
A general jury verdict that rests on alternative grounds must be set aside when it is legally insufficient on one ground because it is impossible to determine the ground on which the jury convicted. Fitzpatrick v. State, 859 So.2d 486, 491 (Fla.2003); see also Delgado v. State, *842 776 So.2d 233 (Fla.2000); Mackerley v. State, 777 So.2d 969 (Fla.2001). In reading the instructions, the verdict form, and the information it is clear that the finding of guilt as to Count I and III rested on alternative grounds. One of the grounds is legally proper; having a BAL over 0.08. However, the other, having a "controlled substance to-wit: cocaine" is not because simply having cocaine in one's system does not establish impairment under section 316.193(1)(a)-(c).[3] Consequently, the trial court erred in presenting such an instruction.
Where the defendant does not object below, the error must be fundamental to require reversal. See State v. Weaver, 957 So.2d 586 (Fla.2007). Fundamental error occurs where the trial court "fail[s] to give a complete or accurate instruction in a criminal case if it relates to an element of the charged offense". Davis v. State, 804 So.2d 400, 404 (Fla. 4th DCA 2001). In this case, the instructions related to an element of two of the charged offenses. Thus, the error was fundamental.
Therefore, we reverse Sabree's convictions as to Counts I and III and remand for further proceedings.
Reversed and Remanded for new trial on Counts I and III.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] The State's expert testified that the amount of cocaine in Sabree's system, although minor, is likely to cause a person fatigue, and amplify the effects of alcohol on the system.
[2] Sabree was also charged and convicted for DUI manslaughter/impairment (Count II), DUI serious bodily injury/impairment (Count IV) and driving while license suspended (Count V). At sentencing, the State nolle prossed Counts II and IV.
[3] The DUI Statute is a strict liability statute as it pertains to being under the influence of alcohol because having a BAL of 0.08 or higher is per se impaired. As to substances other than alcohol, the statute does not establish any per se amount. Instead, a person who is "affected to the extent that the person's normal faculties are impaired" is considered under the influence. See Fla. Stat. 316.193 (2004).