987 So.2d 739 (2008)
Walter WHYNOT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1501.
District Court of Appeal of Florida, Fifth District.
July 3, 2008.
Rehearing Denied August 5, 2008.
James S. Purdy, Public Defender, and Allison A. Havens, Assistant Public Defender, Daytona Beach, for Appellant.
Walter Whynot, Malone, Pro Se.
No Appearance for Appellee.
ORFINGER, J.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Walter Whynot's pro se brief raises one issue that merits discussion, though not reversal.
Mr. Whynot was convicted of two counts of DUI manslaughter and one count of DUI causing serious bodily injury. Relying on Sabree v. State, 978 So.2d 840 (Fla. 4th DCA 2008), he alleges that the trial court's jury instruction on the two counts of DUI manslaughter was fundamentally flawed, as it was incomplete or inaccurate.
In Sabree, the defendant was also charged with DUI manslaughter. As to that offense, the following jury instruction was given:
To prove the crime of DUI/Manslaughter/Unlawful Blood Alcohol Level, the State must prove the following three elements beyond a reasonable doubt:
1. QUADIR SABREE drove or was in actual physical control of a vehicle.
2. While driving or while in actual physical control of the vehicle, QUADIR SABREE had a blood alcohol level of 0.08 or higher and/or a controlled substance to-wit: cocaine.

3. As a result, QUADIR SABREE caused or contributed to the cause of the death of Walter Steven Dixon.
978 So.2d at 841.
In reversing Mr. Sabree's conviction based on fundamental error in the jury instruction, the Fourth District held:
In order to be guilty of driving under the influence pursuant to section 316.193(1)(a)-(c), Florida Statutes (2004), a person must be either (a) "affected to *740 the extent that [his] normal faculties are impaired" by alcohol or a controlled substance, which includes cocaine, (b) have a "blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood", or (c) have a "breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath." Consequently, simply having cocaine in the system is legally insufficient to convict because the State is required to prove beyond a reasonable doubt that Sabree was "under the influence" of cocaine.
A general jury verdict that rests on alternative grounds must be set aside when it is legally insufficient on one ground because it is impossible to determine the ground on which the jury convicted.
Id.
We have no quarrel with the holding in Sabree. However, it has no application to this case, as the jury instruction given here was significantly different, reading:
To prove the crime of DUI manslaughter, the State must prove the following three elements beyond a reasonable doubt:
1. Walter Emerson Whynot drove or was in actual physical control of a vehicle.
2. While driving or while in actual physical control of the vehicle, Walter Emerson Whynot was under the influence of alcoholic beverages or a controlled substance to the extent that his normal faculties were impaired or had a blood or breath alcohol level of 0.08 or higher.
3. As a result, Walter Emerson Whynot caused or contributed to the cause of the death of Tiffany Watts.
(Emphasis added). The jury was given two alternative theories of criminal liability, either of which was legally sufficient. The jury was authorized to convict Mr. Whynot if it concluded, among other things, that he was driving under the influence of alcohol or a controlled substance to the extent that his normal faculties were impaired or had a breath alcohol level of 0.08 or higher. The Sabree instruction did not include the phrase "to the extent that his normal faculties were impaired." For that reason, the Fourth District found the instruction to be fundamentally flawed. Although Mr. Whynot correctly points out that having a controlled substance in one's system is not per se proof of impairment, this jury was asked to find whether the controlled substance impaired his normal faculties.
For these reasons, we conclude no error, fundamental or otherwise, occurred. Mr. Whynot's convictions are affirmed.
AFFIRMED.
PALMER, C.J. and GRIFFIN, J., concur.