GERBER, J.
The defendant appeals from a judgment and life sentence for first-degree murder with a firearm. He argues that the trial *250 court committed fundamental error by instructing the jury on a legally invalid theory of felony murder. We agree with the defendant. We reverse and remand for a new trial on the charge of first-degree murder with a firearm.
Defendant was charged with first-degree murder in 1997. He could not be located for trial until 2008. During closing arguments, the state argued that it could prove first-degree murder in two ways: (1) the defendant had a premeditated plan to kill a man named Polk and in the process killed the victim (premeditated murder); or (2) the victim died as a consequence of the defendant attempting to murder Polk (felony murder). Based on the state’s argument, the trial court instructed the jury on both premeditated murder and felony murder, with the underlying felony being attempted murder.
However, in 1997, the felony murder statute did not list attempted murder as an underlying felony to support felony murder. See § 782.04(l)(a)2.-3., Fla. Stat. (1997) (listing as underlying felonies the committing of, or the attempt to perpetrate, a trafficking offense prohibited by section 893.135(1); arson; sexual battery; robbery; burglary; kidnapping; escape; aggravated child abuse; aggravated abuse of an elderly person or disabled adult; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; carjacking; home-invasion robbery, aggravated stalking; or unlawful distribution of identified controlled substances when such substance is proven to be the proximate cause of the death of the user). It was not until 1998 that the Legislature amended the felony murder statute to include the committing of, or the attempt to perpetrate, murder as an underlying felony to support felony murder. Ch. 98-417, § 1, at 2, Laws of Fla., codified at § 782.04(l)(a)2.o., Fla. Stat. (1999).
The defendant’s trial counsel did not object to the court’s instruction on the legally invalid theory of felony murder. The defendant’s trial counsel also did not object to the court’s general verdict form which asked the jury whether the defendant was guilty or not guilty of first-degree murder, but did not ask the jury to indicate whether the defendant committed premeditated murder or felony murder. Following the jury’s verdict and the court’s conviction and life sentence, this appeal followed.
If the defendant had objected to the trial court’s jury instruction on- the legally invalid theory of felony murder, and if the court had overruled such an objection, then the court’s ruling would have been reversible error. See Mackerley v. State, 777 So.2d 969, 969 (Fla.2001) (it is not harmless error “when a defendant is convicted by general verdict for first degree murder on the dual theories of premeditation and felony murder where the felony underlying the felony murder charge is based on a legally unsupportable theory of which the defendant is nevertheless convicted, [even if] there is evidence in the record to support the jury’s finding of premeditation”).
However, the defendant did not object to the trial court’s jury instruction on the legally invalid theory of felony murder. Thus, we must determine whether the legally invalid instruction amounts to fundamental error. See Sabree v. State, 978 So.2d 840, 842 (Fla. 4th DCA 2008) (“Where the defendant does not object below, the error must be fundamental to require reversal.”).
We conclude that the legally invalid instruction amounts to fundamental error. “[I]t is fundamental error to fail to give ... [an] accurate instruction in a criminal case if it relates to an element of the *251 charged offense.” Davis v. State, 804 So.2d 400, 404 (Fla. 4th DCA 2001) (citations omitted). We already have applied this principle to find fundamental error in a case like this one where a general verdict, resting on alternative grounds, had to be set aside because it was legally insufficient on one ground and it was impossible to determine the ground on which the jury convicted. See Sabree, 978 So.2d at 841-42 (general jury verdict finding defendant guilty of DUI manslaughter/unlawful blood alcohol level, and DUI serious bodily injury/unlawful blood alcohol level, which rested on alternative grounds, one of which was legally proper, i.e., having a blood alcohol level over 0.08, the other of which was not, i.e., having cocaine in one’s system without any showing of impairment therefrom, had to be set aside as fundamental error, as instructions related to an element of the offenses).
Based on the foregoing, we reverse the defendant’s conviction for first-degree murder with a firearm and remand for a new trial on that charge. We conclude without further discussion that the state’s alternative arguments for affirmance lack merit.

Reversed and remanded for a new trial on the charge of first-degree murder with a firearm only.

[1]

MAY, C.J., and LEVINE, J., concur.

. The defendant also was convicted of attempted first degree murder with a firearm and shooting into a building. He has not appealed from those convictions.